PAUL C. WARE v. STATE.*

169 N. W. (2d) 16.

June 13, 1969—No. 41331.

*Erickson, Popham, Haik & Schnobrich* and *Robert A. Minish,* for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

Per Curiam.

This is an appeal from an order dismissing, without an evidentiary hearing, a petition for postconviction relief alleging denial of peti-

---

* Certiorari denied, 396 U. S. 875, 90 S. Ct. 151, 24 L. ed. (2d) 134.

tioner's constitutional right to counsel. Although such summary disposition is ordinarily inappropriate, we think the situation in this case is sufficiently exceptional to preclude reversal.

1. Petitioner's first contention is that he was wholly denied counsel at a critical stage in the criminal proceeding when, at arraignment and prior to availability of counsel, the trial court directed the entry of a plea of not guilty. Petitioner does not, however, undertake to establish that he suffered any particular prejudice as a result of the court-directed plea. He simply asserts, upon the authority of Hamilton v. Alabama, 368 U. S. 52, 82 S. Ct. 157, 7 L. ed. (2d) 114, that prejudice should in effect be presumed. This contention obviously would not in this posture have been illuminated had an evidentiary hearing been held.

We perceive no likelihood that petitioner was prejudiced by the court's entry of a not guilty plea pending appointment of counsel. What we said in State ex rel. Lacklineo v. Tahash, 267 Minn. 237, 241, 126 N. W. (2d) 646, 650, is fully applicable here:

"Petitioner argues that because he was without the assistance of counsel upon arraignment, he failed to object when the information was not read and a plea of not guilty was entered without his consent, thereby foreclosing an examination of the proceedings prior to arraignment with the aid of counsel and the opportunity, if so advised, to challenge jurisdiction, to challenge the sufficiency of the information, or to take advantage of numerous other procedural steps available to him as of right at the time of arraignment but thereafter only at the discretion of the court. He contends that under due process an accused 'requires the guiding hand of counsel at every step in the proceedings against him' as declared in Powell v. Alabama, 287 U. S. 45, 69, 53 S. Ct. 55, 64, 77 L. ed. 158, 170. The manifest and fatal weakness of this argument is that it exalts theoretical possibilities and ignores what in fact occurred. Counsel was appointed immediately after it was determined that petitioner was indigent and before arraignment was completed or had reached the stage where it could be regarded as reasonably likely that any available defenses might be waived or irretrievably lost. * * * Although a plea of not guilty was entered by the court, a fair reading of the record indicates that it was not done with any purpose of foreclosing petitioner's right to make any motions or assert any defenses by way of answer to the information. There is no intimation that the court would not have vacated the not-guilty plea upon request."

We in effect held, as we do now, that in cases of a not guilty plea being entered without the consent of the accused it would be an abuse of judicial discretion to deny his motion to withdraw his not guilty plea in

order to assert a substantive or procedural right or defense. See, also, Lacklineo v. Tahash (8 Cir.) 351 F. (2d) 58; Madison v. Tahash (D. Minn.) 249 F. Supp. 600, leave to appeal denied (8 Cir.) 359 F. (2d) 60; DeToro v. Pepersack (4 Cir.) 332 F. (2d) 341. This arraignment situation is plainly distinguishable, therefore, from the uncertainties and potential prejudice which existed at the arraignment in Hamilton v. Alabama, *supra,* and, of course, White v. Maryland, 373 U. S. 59, 83 S. Ct. 1050, 10 L. ed. (2d) 193.

2. Petitioner's second contention is that the public defender, when subsequently appointed to represent him, did so inadequately by permitting him to plead guilty to second-degree murder in the face of serious doubt as to his guilt of the crime. The basis of doubt, as he argues, was in the confusion and inconsistency of the coroner's testimony as to whether the victim died from a bullet of the kind fired from petitioner's gun or the police guns and in his alternative claim that any shooting from his gun was the result of reflex action as he himself was felled by police bullets. A careful examination of all the circumstances and the testimony to which petitioner refers discloses no basis for such doubt. This claim of inadequate counsel is not new, moreover, for it has been previously considered at length and rejected in coram nobis proceedings instituted by petitioner more than 5 years ago. State v. Ware, 267 Minn. 191, 126 N. W. (2d) 429. His assertion of these same claims for postconviction relief a second time is in our opinion an abuse of process. Summary disposition without further evidentiary proceedings was in these circumstances not improper.

Affirmed.