ENRICO MERRILL TYSON v. STATE.

214 N. W. 2d 461.

February 1, 1974—No. 44058.

*C. Paul Jones,* State Public Defender, and *Mark W. Peterson,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attor-

ney, and *Theodore R. Rix, Vernon E. Bergstrom,* and *Michael McGlennen,* Assistant County Attorneys, for respondent.

PER CURIAM.

Defendant was convicted in 1970 of third-degree murder after a jury trial and sentenced to a term of 0 to 25 years' imprisonment. He did not appeal from the judgment of conviction, but appeals from an order of the district court denying a petition for postconviction relief. We affirm. The issues relate to the composition of the grand jury which indicted defendant, the admissibility of evidence of similar offenses, and the sufficiency of evidence to corroborate an accomplice.

None of the issues relating to the admissibility of evidence or the sufficiency of the evidence is of constitutional magnitude. Therefore, they are not proper for consideration in postconviction proceedings. See, Gaulke v. State, 289 Minn. 354, 184 N. W. 2d 599 (1971). However, the issue relating to the composition of the grand jury which indicted defendant is a constitutional one. Because we believe it to be the better rule that courts will not consider an issue raised in postconviction proceedings unless there is a valid reason for its not having been the subject of direct appeal, we decline to rule on the matter. Here, the question of the grand jury's composition was thoroughly litigated at the trial, and there was no impediment to its being brought here for review on direct appeal. Under such circumstances, it is not a proper matter for postconviction consideration.[1]

---

[1] A. B. A. Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies (Approved Draft, 1968) § 6.1, proposes the following rule, which we adopt: "(a) Unless otherwise required in the interest of justice, any grounds for post-conviction relief as set forth in section 2.1 which have been fully and finally litigated in the proceedings leading to the judgment of conviction should not be re-litigated in post-conviction proceedings.

\* \* \* \* \*

"(c) Where an applicant raises in a post-conviction proceeding a factual or legal contention which he knew of and which he deliberately and inexcusably

\* \* \* \* \*

"(ii) having raised the contention in the trial court, failed to pursue the matter on appeal,

a court should deny relief on the ground of an abuse of process."

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at at the time of the submission, took no part in the consideration or decision of this case.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.

Section 2.1 provides: "A post-conviction remedy ought to be sufficiently broad to provide relief

"(a) for meritorious claims challenging judgments of conviction, including claims:

"(i) that the conviction was obtained or sentence imposed in violation of the Constitution of the United States or the constitution or laws of the state in which the judgment was rendered."