STATE of Minnesota, Respondent,

v.

Mark Alan STUTELBERG, Appellant.

No. 81–1382.

Supreme Court of Minnesota.

Jan. 21, 1983.

Thomson, Hawkins & Engh and Paul C. Engh, St. Paul, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Richard Osborne, J. Michael Richardson, Asst. County Attys., and Beverly J. Wolfe, Minneapolis, for respondent.

AMDAHL, Chief Justice.

Defendant was charged by indictment with murder in the second degree, Minn.

Stat. § 609.19 (1980), and was found guilty by a district court jury of the lesser included offense of third-degree murder, Minn. Stat. § 609.195 (1980) (felony murder). The trial court sentenced defendant to 176 months in prison, which is the presumptive term for this offense (severity level IX) by a person with defendant's criminal history score (four). On this appeal from judgment of conviction, defendant seeks an outright reversal or a reduction to first-degree manslaughter on the ground that the evidence of his guilt of third-degree murder was legally insufficient. Alternatively, he seeks a new trial on the ground that he was prejudiced by the trial court's erroneous admission of certain evidence and by the prosecutor's failure to make full disclosure. We affirm.

■ The state's evidence sufficiently established that defendant fired a shot that killed the victim, as defendant and an accomplice, who testified against him at trial, were committing a robbery of a cocaine dealer. The defendant therefore was properly found guilty of violating Minn.Stat. § 609.195 (1980).

■ Defendant's first claim of prejudicial error concerns the trial court's admission of evidence that a syringe was found in the glove compartment of the car which defendant was driving when he was arrested, and evidence that the defendant had stolen the car. Defense counsel did not object to the evidence that the car was stolen and therefore defendant is deemed to have forfeited his right to have this issue considered on appeal. Defense counsel did object to the admission of the evidence that a syringe was found in defendant's constructive possession but did not object to other evidence concerning defendant's actual use of a syringe to inject himself with cocaine both before and after the robbery and shooting. We therefore need not address the issue of the admission of the syringe because, given the other evidence, its admission could not have been prejudicial.

■ Defendant's final contention is that he was prejudiced by the prosecutor's failure to provide defense counsel with a copy of a statement a defense witness made to police after the prosecution learned that the defense would be calling that witness. We do not approve of the prosecutor's failure to disclose this statement before trial. *See State v. Schwantes,* 314 N.W.2d 243 (Minn. 1982). However, defense counsel did not move to bar the prosecutor's use of the statement during cross-examination, and on redirect examination defense counsel established that the statement was not significantly inconsistent with the witness' trial testimony for the defense. Accordingly, defendant is not entitled to a new trial on this ground.

Affirmed.