**Dwight Louis SHAW, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C2–83–290.**

Supreme Court of Minnesota.

July 1, 1983.

Richard J. Cohen, St. Paul, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Rick Osborne, Michael Richardson and Beverly L. Wolfe, Asst. County Attys., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Dwight Louis Shaw, age 29, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (1982). We affirm.

In 1973 petitioner pleaded guilty in St. Louis County District Court to burglary as part of an agreement that resulted in the dismissal of an aggravated rape charge against him.

On June 10, 1977, while on parole, petitioner, armed with a knife, forced a woman to have sexual intercourse with him. The following day, again using a knife, he abducted two women and forced one of them to drive with him to Wisconsin, where he was apprehended by the Highway Patrol. Petitioner subsequently pleaded guilty to criminal sexual conduct in the first degree and kidnapping and was sentenced by the trial court to two consecutive prison terms of 1 year and 1 day to 20 years.

In 1979 petitioner sought postconviction relief from the guilty pleas, claiming that his public defender had told him that he would receive concurrent terms. The petition was denied, after a hearing, and this court affirmed the denial in *Shaw v. State,* 290 N.W.2d 789 (Minn.1980).

In 1981, represented by the State Public Defender's Office, petitioner sought post-conviction relief in the form of resentencing according to the Sentencing Guidelines. A hearing was held in chambers with petitioner present. Based on the files, records, arguments, and exhibits, the postconviction court made a number of findings of fact, among them that the petitioner has a history of sexual offenses going back to his teenage years, that a psychological examination prior to sentencing indicated that petitioner had sexual problems and a personality disorder but was not an appropriate candidate for specialized treatment as a sex offender, and that petitioner has done well in prison and has completed training in transactional analysis. In its memorandum the court stated, in part:

> Petitioner's request for relief under the statute has been denied because he was not able to meet his burden of proof and overcome the facts and circumstances of his case which suggest that his release might well present a danger to the public and be incompatible with the welfare of society. While Petitioner has done well during his most recent confinement, there is no evidence that there has been any progress on the problems that have led to the commission of the sex offenses for which he has been sentenced. Furthermore, a review of his past record shows he had been released from custody less than one year when he committed these offenses. In summary, Petitioner's performance while incarcerated is outweighed by his history of continuing offenses and chemical abuse, both of which indicate the potential danger he presents to society.

Petitioner did not appeal that order.

A year later petitioner, represented by a newly retained attorney, again sought re-sentencing, this time before a different judge. At the hearing petitioner's attorney offered a report regarding a recent psychological evaluation. The postconviction court asked why the report was not obtained and offered in the first postconviction proceeding. The attorney stated that he did not know why, and that he was not representing petitioner at that time. The court denied the petition, stating, in part:

> The Petitioner argues before this Court that there is new evidence, in the form of a psychological evaluation, that the Court should weigh in determining whether Petitioner's early release under the Guidelines would not present a danger to the public. There is no statutory or case law authority which specifically governs the Court in a second post conviction hearing. The Court, by analogy, relies on Minnesota Rules of Criminal Procedure, Rule 26.-04(1). That Rule states in part:
>
> "New Trial
>
> (1) GROUNDS. The court on written motion of defendant may grant a new trial on any of the following grounds:
>
> . . .
>
> 5. Material evidence, newly discovered, which with reasonable diligence could not have been found and produced at the trial. . . ."
>
> In this case, the Petitioner did not present any evidence as to why the new psychological report to be introduced could not, with reasonable diligence, have been presented before the Court at Petitioner's first hearing. The Court can make no finding that there is any new evidence and must, therefore, according to M.S.A. § 590.03(3) summarily deny the Petitioner's second petition for post conviction relief under the Minnesota Guidelines.

This appeal followed. In his brief petitioner's attorney argues that the second petition was not based on newly discovered evidence but on evidence of petitioner's present psychological condition, which is steadily improving. Specifically, he states:

> Even if an updated psychological evaluation had been conducted at the time of

the original postconviction hearing, the results would in all probability be invalid at the time of a second hearing well over one year later. Consequently, such evidence could not have been discovered at the time of the original 1981 hearing and should have been allowed one year later at the 1982 hearing.

The state argues that the report should have been obtained and offered at the first hearing, and argues that if petitioner believes his counsel erred in failing to do this, the petitioner ought to petition for postconviction relief on the basis of ineffectiveness of counsel. The state also implies that the logical extension of permitting a full hearing in a case such as this would be "monthly hearings [to] chart every [prisoner's] psychological improvement during [his] period of incarceration."

Minn.Stat. § 590.04, subd. 3 (1982) provides in part that "The court may summarily deny a second or successive petition for similar relief on behalf of the same petitioner and may summarily deny a petition when, the issues raised therein have previously been decided by the Minnesota supreme court in the same case." This statute is consistent with *Standards Relating to Post-Conviction Remedies* § 6.2 (Approved Draft 1968). Cases bearing on this include *State v. Myers,* 273 N.W.2d 656 (Minn.1978) (holding that petitioner in postconviction proceeding may not raise matter that he raised and which was decided against him on direct appeal); *Thompson v. Wood,* 272 N.W.2d 357 (Minn.1978) (affirming a dismissal of a petition for habeas corpus seeking to relitigate issues decided against petitioner in a previous habeas corpus proceeding); *State v. Knaffla,* 309 Minn. 246, 243 N.W.2d 737 (1976) (holding in part that a convicted defendant is not entitled to raise in a postconviction proceeding any matter which he raised on direct appeal or which he knew about but did not raise in his direct appeal); *Ware v. State,* 284 Minn. 525, 169 N.W.2d 16 (1969), *cert. denied,* 396 U.S. 875, 90 S.Ct. 151, 24 L.Ed.2d 134 (1969) (holding that an assertion by a petitioner of the same claims a second time around is an abuse of process and that in such a situation summary disposition is proper).

Applying the principles underlying Minn. Stat. § 590.04, subd. 3 (1982), and applied in previous cases of this court, we hold that the postconviction court acted properly in summarily denying the petition in this case.

Affirmed.