STATE of Minnesota, Respondent,

v.

Richard Allen YANEZ, Appellant.

No. C8–85–590.

Court of Appeals of Minnesota.

Sept. 3, 1985.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

In this sentencing appeal, appellant challenges the use of three out-of-state convictions included in his criminal history score. We agree that one conviction should not have been included. We remand for resentencing.

## FACTS

Appellant Richard Allen Yanez pleaded guilty to criminal sexual conduct in the fourth degree, Minn.Stat. § 609.345(c) (1984). He was sentenced to 42 months imprisonment based on a severity level VI offense and a criminal history score of 4. One point was assigned because he was on probation when he committed the offense and three points for felony offenses committed in California: DWI with injury, forgery, and possession of completed check. Appellant's motion to withdraw his plea was denied by the trial court. His challenge to the use of the California convictions was also denied.

## ISSUE

Did the trial court err in including appellant's California convictions in his criminal history score?

## ANALYSIS

In California, appellant was placed on probation for three years for the DWI with injury conviction. As a condition of probation, he served five months in jail. He was given a consecutive sentence of five months in jail and placed on probation for three years for the separate offenses of forgery and possession of completed check.

Appellant's sentences were felony sentences under Minnesota law. The California statutes specify the maximum length of imprisonment for these three offenses as "not more than one year." In Minnesota these would be gross misdemeanor, not felony, sentences.

Whether a foreign conviction is a gross misdemeanor or felony is governed by offense definitions and sentences provided in Minnesota law. Minnesota Sentencing Guidelines II.B.5; *State v. Marquetti*, 322 N.W.2d 316, 318–19 (Minn. 1982).

Appellant's actual probationary sentences, under Minnesota law, are felony sentences. Minn.Stat. § 609.135, subd. 2

(1984). We do not believe that the possible sentence under California statutes is determinative. Forgery (Cal.Penal Code § 470) and possession of completed check (Cal.Penal Code § 475) are similar to Minnesota aggravated forgery offenses, Minn.Stat. § 609.625, subd. 1 & subd. 3. These are clearly felony offenses in Minnesota.

The DWI with injury (Cal.Vehicle Code § 23101(a)) offense, while somewhat similar to Minnesota's Criminal Vehicular Operation Resulting in Injury statute, Minn. Stat. § 609.21, subd. 2, is different in one crucial respect. The Minnesota statute requires "great bodily harm", while California's only requires "bodily injury." Great bodily harm means "bodily injury which creates a high probability of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or impairment of the function of any bodily member or organ or other serious bodily harm." Minn.Stat. § 609.02, subd. 8 (1984).

■ The State has the burden of establishing the facts necessary to justify consideration of foreign convictions, *State v. McAdoo,* 330 N.W.2d 104, 109 (Minn. 1983). The State relied on a report indicating appellant was involved in an accident, had a blood alcohol content of .24 and there were injuries. This report does not indicate great bodily harm and therefore does not establish a felony under Minnesota law.

Where appellant was placed on probation for three years, a felony sentence by Minnesota law, and where the nature of the foreign convictions are similar to Minnesota felonies, there is no error in including them in the criminal history score. Including 2 points for the forgery and possession of completed check offenses was proper; no point should have been given for the DWI offense.

Appellant argues he should not be given a custody status point. He was placed on probation for three years on February 19, 1981 in California. Probation was transferred to Colorado. He left Colorado (a bench warrant for his arrest was issued October 15, 1982), came to Minnesota and committed the crime here on October 23, 1983. He was on probation and earned a custody status point.

Appellant's criminal history score should be reduced to 3. The presumptive sentence is an executed prison term of 34 months, with a range of 33–35.

## DECISION

The trial court properly included two California convictions in appellant's criminal history score but improperly included one conviction where the State did not prove that the offense was a felony under Minnesota law. We remand for resentencing to reflect appellant's proper criminal history score of 3.

Affirmed and remanded for resentencing.