**STATE of Minnesota, Respondent,**

v.

**Richard Allen YANEZ, Appellant.**

**No. C5-85-2085.**

Court of Appeals of Minnesota.

Feb. 11, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and HUSPENI and LESLIE, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

This appeal is from a sentence imposed on remand in *State v. Yanez*, 373 N.W.2d 640 (Minn.Ct.App.1985) (*Yanez I*). Richard Yanez pled guilty to fourth-degree criminal sexual conduct and was sentenced to 42 months imprisonment, based on a severity level VI offense and a criminal history score of four. Yanez claims in this appeal that the trial court erred in considering a foreign conviction of DWI with injury in his criminal history score. We agree and modify his sentence based on a criminal history score of three.

## FACTS

In *Yanez I* Richard Yanez challenged the trial court's assignment of a felony point for each of three California convictions in computing his criminal history score. We upheld the assignment of one felony point each for a forgery and possession of completed check offense, but remanded for resentencing because the state had not established facts necessary to justify the assignment of the third felony point for an offense called "DWI with injury." Cal.Vehicle Code § 23101(a). We also upheld the imposition of a custody status point resulting in a total criminal history score of three.

On resentencing the trial court removed the felony point for the DWI with injury and instead assigned the conviction one misdemeanor unit. The court reasoned that DWI with injury "would appear to be more than a mere traffic offense" and assigned one misdemeanor unit, which, when added to Yanez's three other misdemeanor units (for shoplifting, tampering with an automobile, and indecent conduct), resulted in an additional point in Yanez's criminal history score. *See* Minnesota Sentencing Guidelines II.B.3. The court reimposed the original sentence premised on a fourth criminal history point acquired as a result of the four misdemeanor units.

## ISSUES

1. Did the trial court properly assign a unit for appellant's out-of-state conviction for DWI with injury?

2. Should appellant's original sentence be upheld as a durational departure?

## ANALYSIS

The sentencing court assigned a unit, or ¼ felony point, for Yanez's DWI with injury conviction. The Minnesota Sentencing Guidelines provide for an aggregation of four misdemeanor units into a felony point but restrict the use of traffic offenses:

Subject to the conditions listed below, the offender is assigned one unit for each misdemeanor conviction and two units for each gross misdemeanor conviction (excluding traffic offenses with the exception of DWI and aggravated DWI offenses when the current conviction offense is criminal vehicular operation) for which a sentence was stayed or imposed before the current sentencing.

Minnesota Sentencing Guidelines II.B.3. The comments to this section further state:

As a general rule, the Commission eliminated traffic misdemeanors and gross misdemeanors from consideration. However, the traffic offenses of driving while intoxicated and aggravated driving while intoxicated have particular relevance to the offense of criminal vehicular operation. Therefore, prior misdemeanor and gross misdemeanor sentences for DWI

and aggravated DWI shall be used in the computation of the misdemeanor/gross misdemeanor point when the current conviction offense is criminal vehicular operation.

Minnesota Sentencing Guidelines and Comment II.B.301.

In *Yanez I* we compared the DWI with injury offense to felonious criminal vehicular operation and held that it was not proved to constitute a felony under Minnesota law. On remand, the State failed to establish that the California offense corresponds to any offense in Minnesota other than the DWI statute, Minn.Stat. § 169.121 (1984). *See Pilger v. State*, 337 N.W.2d 695, 698 (Minn.1983). Yanez's current conviction is for criminal sexual conduct, not criminal vehicular operation. The state therefore failed to establish that Yanez's California conviction was a usable traffic offense under the sentencing guidelines. Yanez's criminal history score must be reduced to three; the presumptive sentence is an executed prison term of 34 months.

## II

In the alternative, the state argues that the 42-month sentence should be upheld as a durational departure. On resentencing the trial court stated:

> It should perhaps be noted that there [were] some aggravating circumstances surrounding this incident. The sexual assault on the victim lasted for almost three hours, and the defendant penetrated the victim vaginally, orally and anally on a number of occasions, and at two different geographical locations during that period of time.
>
> Under the aggravated circumstances of this offense, and all other factors known to the Court, it would appear that the defendant has a significant problem in the area of sexual behavior.
>
> It would not be in the interest of society that the defendant be given any reduced sentence in this case.

The record, however, shows that at Yanez's original sentencing and at resentencing following the original appeal, the court imposed the presumptive sentence. There is no evidence the state requested a departure. Even if the court's comments were intended to justify a departure, and even if it could depart, *see State v. Rohda*, 358 N.W.2d 39, 41 (Minn.1984), the record would not support a departure. Yanez admitted to using force to accomplish the admitted offense, fourth-degree criminal sexual conduct, not to the acts described by the trial court, constituting first-degree criminal sexual conduct. *See, e.g., State v. Ott*, 341 N.W.2d 883, 884 (Minn.1984); *State v. Womack*, 319 N.W.2d 17, 19 (Minn. 1982).

### DECISION

The trial court improperly assigned a unit for appellant's out-of-state conviction for DWI with injury. The State did not establish that this conviction is usable under the Sentencing Guidelines. Appellant's original sentence cannot be maintained as a durational departure. We therefore modify appellant's sentence to 34 months, the presumptive sentence for fourth-degree criminal sexual conduct for a defendant with a criminal history score of three.

Reversed and sentence modified.