**STATE of Minnesota, Respondent,**

v.

**Roland JOHNSON, Appellant.**

**No. C0–87–1012.**

Court of Appeals of Minnesota.

Sept. 1, 1987.

**268**

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan Mitchell, St. Louis Co. Atty., John E. DeSanto, Asst. Co. Atty., Duluth, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Roland Johnson pleaded guilty to and was convicted of First Degree Criminal Sexual Conduct in violation of Minn. Stat. § 609.342, subd. 1(c) (1986). He received a presumptive sentence of 95 months based on a criminal history score of four, which included a custody status point and three felony points. He argues that the trial court erred in assessing a felony point in connection with a 1973 Wisconsin conviction for sexual intercourse with a child. We reverse and remand for resentencing.

## FACTS

On August 24, 1986, appellant met a twenty-year-old woman at an after hours party. She agreed to accompany him to another party. Instead, appellant drove her to a remote area and forced her to engage in sexual intercourse after he threatened her with death. He was charged with kidnapping and two counts of first degree criminal sexual conduct. He pleaded guilty to and was convicted of one count of first degree criminal sexual conduct under Minn.Stat. § 609.342, subd. 1(c).

The Minnesota Sentencing Guideline Worksheet indicated four criminal history points, including one custody point and three felony conviction points. The felonies included a 1979 conviction for first degree criminal sexual conduct, a 1979 conviction for unlawful sale of a controlled substance and a 1973 Wisconsin conviction for sexual intercourse with a child.

Appellant's counsel objected to inclusion of the 1973 Wisconsin conviction and the sale of a controlled substance conviction. After the state presented documentation regarding the convictions, the trial court included both convictions in calculating appellant's criminal history score.

On appeal, appellant challenges only the inclusion of the Wisconsin conviction. The state could not produce a transcript of the guilty plea regarding that conviction because the court reporter had died. The judgment roll indicates that appellant was represented by counsel in 1973. The complaint shows that appellant who was nineteen at the time of the incident was originally charged with indecent behavior with a child in connection with the rape of a sixteen-year-old girl. However, the charge was later amended and appellant was prosecuted for sexual intercourse with a child. He pleaded guilty to the amended charge and was sentenced to two years imprisonment. The sentence was stayed for two years and appellant was confined in the county jail for four months with Huber law privileges. The sentence was discharged after completion of probation.

Appellant has produced a statement he made to police in 1973 indicating that the complainant had consented to have sexual intercourse. The state has produced a statement made by the complainant in 1973 indicating that appellant forced her to have intercourse and that he threatened to kill her if she did not comply.

If the Wisconsin conviction was not included in appellant's criminal history score, the presumptive sentence for the current offense would be 76 months rather than 95 months.

## ISSUE

Did the trial court err in assessing a felony point in connection with the 1973 Wisconsin conviction?

## ANALYSIS

Under Minnesota Sentencing Guideline II.B.5:

The designation of out-of-state convictions as felonies, gross misdemeanors, or misdemeanors shall be governed by the offense definitions and sentences provided in Minnesota law.

Consequently, the definition of the Wisconsin conviction as a felony must be examined in terms of the designation contained in Minnesota statutes. A comment accompanying the guideline explains:

> Generally, the classification of prior offenses as petty misdemeanors, misdemeanors, gross misdemeanors, or felonies should be determined on the basis of *the current offense definitions.* An exception to this are offenses in which a monetary threshold determines the offense classification.

Guideline II.B.504, comment. (Emphasis added.)

The state contends that the applicable 1973 Minnesota statutes would govern, apparently because they were the "current" statutes at the time of the Wisconsin conviction. The state employs the following analysis in urging that appellant's 1973 conviction must be considered to be a felony: although the Minnesota law in effect in May 1973 would have categorized appellant's conviction as a gross misdemeanor [1] the Minnesota law in effect in October 1973, when appellant pleaded guilty to sexual intercourse with a child, would have deemed such conviction to be a felony.[2]

■ We must reject the State's analysis on two bases. First, there are obvious ex post facto law problems in that analysis. *Calder v. Bull,* 3 U.S. (Dall.) 386, 1 L.Ed. 648 (1798) (*ex post facto* clause prohibits greater punishment than the law annexed to the crime permitted at the time the offense was committed). Second, we believe the sentencing guidelines must be interpreted to require application of the Minnesota law that is in effect at the time the criminal history score is calculated. The guidelines become operative only when such calculation is made. It follows that the use of the word "current" in comment II.B.504 must refer to the time the guidelines are being applied. This conclusion is supported by the fact that the comment clearly refers to two separate time elements: *prior* offenses and *current* offense definitions. The comment recognizes that past actions are evaluated on the basis of contemporary standards. Therefore, this case requires application of the 1986 Minnesota offense designations.

Appellant was convicted in 1973 under a Wisconsin Statute that provides:

> Any male who has sexual intercourse with a female he knows is not his wife may be penalized as follows:
>
> (1) If the female is under the age of 18, fined not more than $1,000 or imprisoned not more than 5 years or both; or
>
> (2) If the female is under the age of 16, and the male is 18 years of age or over, imprisoned not more than 15 years; or
>
> (3) If the female is under the age of 12, and the male is 18 years or over, imprisoned not more than 30 years.

Wisc.Stat. § 944.10, repealed L.1975, c. 184, § 8. At the time of the 1973 offense, the complainant was over 16 and appellant was 19. Therefore, the conduct came under subsection (1).

Under 1986 Minnesota laws, consensual sexual intercourse with someone over age 16 is not a crime unless the complainant is under 18 and the actor has a statutorily defined "significant relationship" with the complainant. Minn.Stat. § 609.344, subd. 1(b) and (f). There is no allegation that

---

1. Minn.Stat. § 609.295(5), in effect in May 1973, reads as follows:

   Whoever has sexual intercourse with a female child under the age of 18 years and not his spouse may be sentenced as follows:
   (5) If the child is 16 years of age but under the age of 18 and the offender is 18 years of age but under 21 years, by imprisonment for not more than one year.

2. Minn.Stat. § 609.295(5), effective June 11, 1973, reads as follows:

   Whoever has sexual intercourse with a female child under the age of 18 years and not his spouse may be sentenced as follows:
      *    *    *    *    *    *
   (4) If the child is 16 years of age, but under the age of 18 years and the offender is 18 years of age or older, by imprisonment for not more than three years.

appellant had such a relationship with the complainant.

When we compare the Wisconsin statute that was the basis for appellant's 1973 conviction with the comparable 1986 Minnesota statute, we conclude that the Wisconsin offense would not be a crime in Minnesota.

■ However, our analysis must go further. Both parties reach beyond a comparison of the Wisconsin and Minnesota statutes and address the factual allegations made against appellant in 1973. There is no transcript of appellant's 1973 guilty plea. The parties here rely upon contradictory statements made by appellant and complainant in that prosecution. There is no indication that the conflicting statements were presented to the Wisconsin trial court, and consequently there is no trial court determination of which version of the facts is more credible. This court cannot now make such a determination. Furthermore, guideline comment II.B.501 refers to out-of-state convictions, not charges or statements by complainants or charges that may have been brought. Therefore, the statements by appellant and complainant cannot be considered by this court. We must be governed by the conviction.

■ The state has the burden of establishing the basis of appellant's 1973 conviction. *State v. Edmison,* 379 N.W.2d 85 (Minn.1985). In this case, the only evidence relating to the conviction indicates that appellant was convicted of sexual intercourse with a child. After comparing the terms of the statute under which appellant was convicted with the 1986 Minnesota statutes, we must conclude that the current Minnesota statutes would not permit any criminal charges to be brought against appellant. His 1973 Wisconsin conviction may not be considered in computing appellant's present criminal history score.

## DECISION

The trial court erred in assessing a felony point on the basis of the 1973 Wisconsin conviction. Therefore, appellant's criminal history score must be reduced to three and the presumptive 95 month sentence reduced to 76 months.

Reversed and remanded for resentencing consistent with this opinion.