**STATE of Minnesota, Respondent,**

**v.**

**Mark Alan STUTELBERG, Appellant.**

**No. C1–88–1692.**

Court of Appeals of Minnesota.

Feb. 21, 1989.

Hubert H. Humphrey, III, Minnesota Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael Richardson, Asst. Co. Atty., Minneapolis, for respondent.

Douglas W. Thomson, Thomson & Ellis, Ltd., St. Paul, for appellant.

Heard, considered and decided by NORTON, P.J., and HUSPENI and NIERENGARTEN, JJ.

## OPINION

HUSPENI, Judge.

Appellant Mark Alan Stutelberg seeks review of the trial court's denial of his motion for postconviction relief under Minn.R.Crim.P. 27.03, subd. 9. The trial court left intact the original sentence which was based on a criminal history score which counted an Arizona marijuana possession conviction as a felony. We reverse and remand for modification of sentence.

## FACTS

Appellant was indicted, tried and convicted of murder in the third degree in Hennepin County in 1981. With a criminal history score computed to be 4, he received a presumptive sentence of 176 months. One criminal history point was attributable to a 1975 Arizona marijuana conviction. The prosecutor stated that the certified copy of the marijuana possession conviction received from Arizona authorities indicated that conviction carried a sentence of zero to five years. Counsel for the appellant argued unsuccessfully that under Minnesota law the Arizona conviction was a petty offense and should not count as a felony.

Appellant directly appealed his 1981 conviction, but did not raise the issue of the inclusion of the Arizona marijuana conviction in computing his criminal history score. The same law firm represented appellant both at trial and on direct appeal. The supreme court affirmed appellant's 1981 conviction. 328 N.W.2d 735.

In 1986 appellant's motion under Minn.R.Crim.P. 27.03, subd. 9 for reduction of the 1981 sentence due to the purportedly erroneous inclusion of the Arizona marijuana conviction was denied after hearing.

Appellant sought review of that denial in this court, which characterized appellant's motion as one brought under Minn.Stat. chapter 590, and therefore untimely. This court dismissed appellant's appeal by order and did not address the merits of his motion to reduce his sentence.

In July 1988, appellant brought yet another motion under Minn.R.Crim.P. 27.03, subd. 9 seeking reduction of his sentence because of erroneous consideration of his Arizona conviction. The trial court denied the requested relief noting:

This matter [has] been fully litigated before both the sentencing Judge and the reconsideration Judge and [has] been fully subject to appeal, and it [appears] to the Court that the arguments made therein are without merit.

## ISSUES

1. In view of the procedural history of this case, is review of appellant's motion under Minn.R.Crim.P. 27.03, subd. 9 appropriate?

2. Did the state fail to prove by a preponderance of the evidence that appellant's foreign conviction would be a felony in Minnesota?

## ANALYSIS

### I.

A. The present Minn.R.Crim.P. 27.03, subd. 9 which was adopted from F.R.Crim.P. 35, provides in part that "[t]he court at any time may correct a sentence not authorized by law." The Eleventh Circuit of the United States Court of Appeals has stated:

A Rule 35 motion is addressed to the trial judge's discretion and its denial is reversible on appeal only when the sentence is illegal or when the trial court's refusal to reduce the sentence constitutes a gross abuse of discretion.

*United States v. Campbell*, 711 F.2d 159, 160 (11th Cir.1983).

The standard of review in Minnesota is similar. The Minnesota Supreme Court has said with reference to Minn.R.Crim.P. 27.03, subd. 9:

Normally, we will not reevaluate a sentence if the trial court's discretion has

been properly exercised and the sentence is authorized by law.

*Fritz v. State*, 284 N.W.2d 377, 386 (Minn. 1979).

■ Respondent argues that appellant has previously made motions under Minn. R.Crim.P. 27.03, subd. 9 for correction of sentence which were denied, that appellant is now making no new arguments, and that in light of the previous denials of the earlier motions, the trial court properly denied the last motion for correction of sentence.

We concur in respondent's recital of the procedural history of this case. However, we conclude that we cannot affirm denial of appellant's motion for relief simply on the basis of that history.

In addressing F.R.Crim.P. 35, on which Minn.R.Crim.P. 27.03, subd. 9 is based, the court in *Ekberg v. United States*, 167 F.2d 380, 384 (1st Cir.1948) (citations and footnote omitted), stated:

> under Rule 35, the sentencing court may correct an illegal sentence "at any time," * * * [the sentencing court has the] power to entertain and grant [a] second motion, notwithstanding its denial of [an] earlier motion to the same effect, assuming the motion [is] a meritorious one. If convinced of its previous error, the sentencing court should have continuing power to correct its own illegal sentence * * *. [A] ruling by a trial judge, at an earlier stage of the same criminal proceeding, on a motion to correct sentence, does not operate as res judicata.

Under the rule of *Ekberg*, a trial court has the power to correct an illegal sentence despite the earlier denials of motions under Minn.R.Crim.P. 27.03, subd. 9 and despite earlier refusals of this court to consider the appeal from an earlier denial. The *Ekberg* court noted that the binding effect of the law of the case doctrine would not apply unless the earlier motion had been appealed and affirmed. *Ekberg* at 384 n. 4. In this case there was no affirmance, but a dismissal. If the sentence is not authorized by law, the reviewing court can reevaluate that sentence. *Fritz*, 284 N.W.2d at 386.

Respondent relies on *Case v. State*, 364 N.W.2d 797 (Minn.1985), and argues that

*Case* controls postconviction relief not just under chapter 590 but also under Minn.R. Crim.P. 27.03, subd. 9. In *Case*, petitioner was represented by counsel at a jury trial and was convicted of assault. Counsel pursued a direct appeal "arguing insufficiency of evidence and inappropriateness of length of petitioner's sentence." *Id.* at 798. The conviction was affirmed. *See State v. Case*, 312 N.W.2d 246, 247 (Minn.1981). Petitioner then pursued postconviction relief *pro se*, alleging nine distinct grounds for reversal. The post-conviction court reached the merits of each issue and denied relief, whereupon petitioner appealed under Minn.Stat. § 590.06 (1982). This court affirmed the trial court on procedural grounds and did not reach the merits of Case's arguments. *See Case v. State*, 344 N.W.2d 888, 889 (Minn.Ct.App.1984). The Minnesota Supreme Court affirmed this court, noting that:

> only where a claim is so novel that it can be said that its legal basis was not reasonably available to counsel at the time the direct appeal was taken and decided will post-conviction relief be allowed.

*Case*, 364 N.W.2d at 800.

While the supreme court in *Case* affirmed this court, and an indication was given that it was not necessary for this court to reach the merits of Case's arguments, the supreme court did itself, in fact, review the merits:

> After a complete review of the record, however, including the trial court's decision that *each of the issues raised by appellant is meritless, with which we agree*, we affirm the court of appeals.

*Id.* (emphasis added).

The emphasized language indicates not only that the supreme court rested its decision on an independent review of the trial court record, but *indicates also at least an implicit rejection of this court's refusal to address the merits of Case's claims.*

We note also that despite the state's argument that *Case* should control our decision in this matter, *Case* addresses petitions brought under chapter 590. Distinctly separate sentencing relief remains avail-

able under Rule 27.03, subd. 9, and was recognized as such both by the supreme court in *State v. Hockensmith,* 417 N.W.2d 630, 632–33 (Minn.1988) and by this court in *State v. Shields,* 423 N.W.2d 744, 746 (Minn.Ct.App.1988).

Even if we were to determine that *Case* applies not only to chapter 590 cases but also to those brought under Minn.R.Crim. P. 27.03, subd. 9, differences between that matter and this would remain. The *Case* decision ultimately rested on an actual review of the record and a determination that the issues raised were meritless. Here, appellant has had no review of his sentencing complaints on their merits. In *Case,* even though this court denied review without reaching the merits, the supreme court did reach them. We conclude *Case* does not prohibit this court from reaching the merits on review of the motion under Minn. R.Crim.P. 27.03, subd. 9.

B. We cannot end our inquiry into reviewability on the merits with *Case,* however. In *Tyson v. State,* 298 Minn. 559, 214 N.W.2d 461 (1974), the supreme court adopted the rule proposed in the ABA Standards for Criminal Justice, Standards Relating to Post–Conviction Remedies (Approved Draft, 1968) § 6.1:

> (a) Unless otherwise required in the interest of justice, any grounds for post-conviction relief as set forth in section 2.1 which have been fully and finally litigated in the proceedings leading to the judgment of conviction should not be relitigated in post-conviction proceedings.
>
>  \*   \*   \*   \*   \*   \*
>
> (c) Where an applicant raises in a post-conviction proceeding a factual or legal contention which he knew of and which he deliberately and inexcusably
>
>  \*   \*   \*   \*   \*   \*
>
> (ii) having raised the contention in the trial court, failed to pursue the matter on appeal, a court should deny relief on the ground of abuse of process.

*Id.* at 560 n. 1, 214 N.W.2d at 462 n. 1.[1] For purposes of our discussion, we shall consider the term "post-conviction proceeding" as used in the ABA Standards to be broad enough to encompass a motion under Minn.R.Crim.P. 27.03, subd. 9.

■ Appellant directly appealed his conviction in 1981 after having raised the issue of the Arizona marijuana conviction at trial. He did not pursue this issue on direct appeal. *See State v. Stutelberg,* 328 N.W. 2d 735 (Minn.1983). Therefore, we must decide whether under *Tyson* we should affirm the lower court's denial of relief on the basis of appellant's abuse of process. *Ware v. State,* 284 Minn. 525, 169 N.W.2d 16 (1969), *cert. denied* 396 U.S. 875, 90 S.Ct. 151, 24 L.Ed.2d 134 (1969) is enlightening on this question. In *Ware,* the petitioner raised two arguments by postconviction petition, one of which asserted inadequate representation of counsel in allowing him "to plead guilty to second-degree murder in the face of serious doubt as to his guilt." *Id.* at 527, 169 N.W.2d at 17. The supreme court affirmed the conviction noting:

> This claim of inadequate counsel is not new, moreover, for it has been previously considered at length and rejected in coram nobis proceedings instituted by petitioner more than 5 years ago. \* \* \* His assertion of these same claims for post-conviction relief a second time is in our opinion an abuse of process. Summary disposition without further evidentiary proceedings was in these circumstances not improper.

*Id.*

However, it is significant that the *Ware* court, in an action presaging *Case,* reached the merits of Ware's arguments even though doing so was unnecessary to support the stated rationale of that matter:

> A careful examination of all the circumstances and the testimony to which peti-

---

**1.** We note *Tyson* was subsequently overruled by *State v. Knaffla,* 309 Minn. 246, 243 N.W.2d 737 (1976). However,

> In *Knaffla* we overruled our decision in [*Tyson* but not] our adoption in *Tyson* of the rule

proposed in A.B.A. Standards for Criminal Justice, Standards Relating to Post–Conviction Remedies (Approved Draft, 1968) § 6.1.

*Case,* 364 N.W.2d at 800 (Wahl, J. concurring).

tioner refers discloses no basis for such doubt [as to guilt].

*Id.*

Thus, both *Case* and *Ware* received appellate review on the merits even while the reviewing courts observed that the court below need not have reached the merits. A proper inference may be drawn that both the *Case* court and the *Ware* court wished to assure that review on the merits was not "otherwise required in the interest of justice." *See Tyson* 298 Minn. at 560 n. 1, 214 N.W.2d at 462 n. 1.

The record does not indicate why appellant failed to raise the Arizona conviction issue in his 1981 direct appeal. There is nothing in the record to show the failure was deliberate or inexcusable. We are especially concerned that no reviewing court has ever reached the merits of the issue raised here. We believe such review is required in the interests of justice.

## II.

The Minnesota Sentencing Guidelines at II.B.5 provide:

> The designation of out-of-state convictions as felonies, gross misdemeanors, or misdemeanors shall be governed by the offense definitions and sentences provided in Minnesota law.

According to the comments:

IIB.501. Out-of-state convictions include convictions under the laws of any other state.

and

IIB.503. [D]esignation of out-of-state offenses as felonies or lesser offenses, for purposes of the computation of the criminal history index score, must properly be governed by Minnesota law.

In *State v. Jackson,* 358 N.W.2d 681 (Minn. Ct.App.1984), the court stated:

> The state has the burden of establishing the facts necessary to justify consideration of out-of-state convictions used to determine a defendant's criminal history score. * * * The state must establish by a fair preponderance of the evidence that the prior conviction was valid, the de-

fendant was the person involved, and the crimes constituted felonies in Minnesota. *Id.* at 683 (citation omitted). *See also Pilger v. State,* 337 N.W.2d 695, 698 (Minn. 1983); *State v. Yanez,* 381 N.W.2d 470, 472 (Minn.Ct.App.1986).

■ Appellant was convicted in Arizona in violation of A.R.S. § 36–1002.05 which punishes the actions of a person who "[k]nowingly possesses any marijuana," with a sentence of not less than one year nor more than ten years. In 1981 there were two Minnesota statutes which could correspond to the Arizona statute. Minn. Stat. § 152.15, subd. 2(2) (1980) classifies possession of marijuana (other than a small amount) as a felony. Minn.Stat. § 152.15, subd. 2(5) (1980) classifies possession of a small amount of marijuana (1.5 ounces or less) as a petty misdemeanor. Citing *State v. Briton,* 265 Minn. 326, 121 N.W.2d 577 (1963), overruled on other grounds *State v. Clark,* 270 Minn. 538, 551–52, 134 N.W.2d 857, 867 (1965), appellant argues that extrinsic evidence of the foreign conviction is prohibited if "by definition, that crime could have constituted an offense which is not a felony in this state." *Briton,* 265 Minn. at 329, 121 N.W.2d at 579. *Briton* supports a downward modification of appellant's sentence. However, the continued viability of that case after the passage of the Sentencing Guidelines is questionable. The Guidelines state:

> It was contemplated that the sentencing court, in its discretion, should make the final determination as to the weight accorded foreign convictions. In so doing, sentencing courts should consider the nature and definition of the foreign offense, as well as the sentence received by the offender.

Sentencing Guidelines II.B.505 comment.

No reviewing court has cited to *Briton* since the effective date of the Sentencing Guidelines, May 1, 1980.

However, even if *Briton* is no longer dispositive on the question of extrinsic evidence, appellant's argument on burden of proof is still strong. The state has the burden of proof in showing that the foreign conviction would have been a felony under

Minnesota law. *Jackson*, 358 N.W.2d at 683. Here, two Minnesota statutes, one describing a felony and one describing a petty misdemeanor, could have corresponded to the statute involved in the Arizona marijuana convictions. The burden was on the state to show under which Minnesota statute the Arizona conviction would have fallen.

In *State v. Johnson*, 411 N.W.2d 267 (Minn.Ct.App.1987), this court compared the statutes of Minnesota and a foreign jurisdiction and declared that the challenged offense would not have been a crime in Minnesota because there was no allegation of a required element of the Minnesota crime. *Id.* at 269–70. Here, a necessary element of the Minnesota felony is possession of more than 1.5 ounces of marijuana. Our review of the record indicates the Arizona conviction is silent regarding amount by weight. We find merit in appellant's argument that the state has failed to carry its burden of proving that the Minnesota felony statute corresponds more closely to the conviction than does the Minnesota petty misdemeanor statute.

Moreover, Arizona case law supports the proposition that the same behavior sanctioned as a felony in Arizona could have been a petty misdemeanor in Minnesota. In *State of Arizona v. Murphy*, 117 Az. 57, 570 P.2d 1070 (1977), the court upheld the conviction of possession of marijuana based on the same statute (A.R.S. § 36.1002.05). In *Murphy* the court found that in order to convict, the defendant had to have a "usable amount" of marijuana and that 0.3 grams was sufficient to be a usable amount. *Murphy* at 62, 570 P.2d at 1075. In Minnesota, *Murphy* would have been guilty of only a petty misdemeanor since the amount was not more than 1.5 ounces (42.5 grams). Because the Arizona conviction record is silent on the amount of marijuana possessed, it is at least possible that appellant's Arizona conviction would have been a petty misdemeanor in Minnesota. Since there appear to be two equally applicable Minnesota statutes, the question of burden of proof is critical.

At the time of appellant's sentencing the prosecutor stated that he had spoken on the telephone with the clerk of the sentencing court in Arizona, that she stated that she had mailed the prosecutor copies of the Arizona convictions, and that each carried a sentence of zero to five years. That representation formed the basis for the trial court's determination that the Arizona conviction was a felony.

However, the burden upon the state was to demonstrate that, indeed, a felonious amount was possessed. We cannot conclude that the state established by a fair preponderance that the crime would have been a felony in Minnesota. *Jackson*, 358 N.W.2d at 683. *See also State v. Marquetti*, 322 N.W.2d 316, 319 (Minn.1982).

Because the state did not meet its burden of proof that the foreign conviction would have been a felony in Minnesota, the correct criminal history score for appellant was 3, not 4.

### DECISION

The district court's denial for postconviction relief under Minn.R.Crim.P. 27.03, subd. 9 is reversed. The case is remanded for resentencing consistent with this opinion.

REVERSED AND REMANDED.