*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0415**

State of Minnesota,
Respondent,

vs.

Shannon Don Quenzer,
Appellant.

**Filed January 19, 2016
Reversed and remanded; motion granted
Klaphake, Judge**[*]

Swift County District Court
File No. 76-CR-14-76

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Danielle H. Olson, Swift County Attorney, Matthew B. Novak, Assistant County Attorney, Benson, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Andrea G. M. Barts, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Connolly, Judge; and Klaphake, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant Shannon Don Quenzer challenges his 75-month prison sentence. Quenzer argues that the district court erroneously considered an out-of-state conviction in determining his criminal-history score. Because the state failed to meet its burden to prove that the out-of-state conviction constitutes a felony in Minnesota, we reverse and remand for resentencing.

## DECISION

In July of 2014, Quenzer pleaded guilty to a second-degree controlled substance crime. His plea deal called for a sentence at the bottom of the presumptive sentencing range as determined by the severity level of his conviction and his criminal-history score. *See* Minn. Sent. Guidelines 4.A (2013). Over his objection, the district court assigned Quenzer one criminal-history point for a 2004 South Dakota escape-from-custody conviction, calculated his total criminal-history score at four, and imposed a bottom-of-the-box 75-month prison sentence. Quenzer argues that the state failed to prove that his out-of-state escape-from-custody conviction constitutes a felony in Minnesota. He maintains that the district court abused its discretion by giving him a criminal-history point for the conviction and that the matter must be remanded for resentencing pursuant to a criminal-history score of three. We agree.

As a threshold matter, the state argues that this court should not consider Quenzer's challenge to the out-of-state conviction because he failed to timely object to the use of the conviction before the district court. But Quenzer did object and, even if he had failed to

properly object, "because a sentence based on an incorrect criminal history score is an illegal sentence—and therefore, under Minn. R. Crim. P. 27.03, subd. 9, correctable 'at any time'—a defendant may not waive review of his criminal history score calculation." *State v. Maurstad*, 733 N.W.2d 141, 147 (Minn. 2007).

"The district court's determination of a defendant's criminal-history score will not be reversed absent an abuse of discretion." *State v. Maley*, 714 N.W.2d 708, 711 (Minn. App. 2006). When a district court calculates a defendant's criminal-history score, it must take into consideration the defendant's out-of-state convictions. Minn. Sent. Guidelines 2.B.5 & cmt. 2.B.502 (2013). Where to place the offense in criminal history depends on: "whether the offense is defined as a felony, gross misdemeanor, or targeted misdemeanor in Minnesota." Minn. Sent. Guidelines 2.B.5.b. "[T]he [district] court must comply with the sentencing guidelines' mandate that the court determine how the offender would have been sentenced had the offense occurred in Minnesota at the time of the current offense, not when the offense actually occurred out of state." *State v. Reece*, 625 N.W.2d 822, 825 (Minn. 2001); *see also* Minn. Sent. Guidelines cmt. 2.B.502.

"[T]he district court may not use out-of-state convictions to calculate a defendant's criminal-history score unless the state lays foundation for the court to do so." *Maley*, 714 N.W.2d at 711. The state has the burden of proving sufficient facts to justify consideration of a defendant's out-of-state convictions. *Id.* "The state must establish by a fair preponderance of the evidence that the prior conviction was valid, the defendant was the person involved, and the crime would constitute a felony in Minnesota." *Id.* The evidence establishing the conviction "must be of a greater or more convincing effect and . . . lead

3

you to believe that it is more likely that the claim . . . is true than . . . not true." *Id.* at 712

(quotation omitted).

Minn. R. Evid. 1005 provides the appropriate standard for documenting a

conviction. *State v. Griffin*, 336 N.W.2d 519, 525 (Minn. 1983). Minn. R. Evid. 1005

provides:

> The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with Rule 902 or testified to be correct by a witness who has compared it with the original. If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence, then other evidence of the contents may be given.

*Griffin* and Minn. R. Evid. 1005 "permit[] the district court to rely on persuasive evidence

that sufficiently substitutes for the official, certified record of conviction."[1] *Maley*, 714

N.W.2d at 712.

Minn. Stat. § 609.485 (2012) contains Minnesota's escape-from-custody statute.

The statute defines escape to include "departure without lawful authority and failure to

return to custody following temporary leave granted for a specific purpose or limited

period." *Id.*, subd. 1. The crime of escape-from-custody includes the act of "escap[ing]

while held pursuant to a lawful arrest, in lawful custody on a charge or conviction of a

crime, or while held in lawful custody on an allegation or adjudication of a delinquent act."

*Id.*, subd. 2(1). Escape-from-custody is a felony "if the person who escapes is in lawful

---

[1] Quenzer concedes that he was convicted of escape-from-custody in South Dakota and does not argue that the state should have submitted a certified copy of the conviction.

custody for a felony." *Id.*, subd. 4(a)(1). Escape-from-custody is a gross misdemeanor "if the person who escapes is in lawful custody for a gross misdemeanor or misdemeanor." *Id.*, subd. 4(a)(3).

Quenzer was convicted of violating S.D. Codified Laws § 22-11A-2 (1998), South Dakota's escape-from-custody statute. The statute provides that "[a]ny prisoner who escapes is guilty of a Class 4 felony." *Id.* South Dakota defines the term "prisoner" to include "every person who is in custody by being under arrest or by being under process of law issued from a court of competent jurisdiction, whether civil or criminal." S.D. Codified Laws § 22-11A-1 (1998). "[E]scape" is defined as "departure without lawful authority or failure to return to custody following a temporary leave granted for a specific purpose or limited period." *Id.* Because South Dakota classifies every escape-from-custody as a felony and Minnesota does not, Quenzer's South Dakota conviction does not necessarily constitute a felony in Minnesota. At sentencing, the state had to prove by a fair preponderance of the evidence that at the time of the escape Quenzer was in custody for an offense that is a felony under Minnesota law. *See Maley*, 714 N.W.2d at 711.

The district court found that Quenzer was in custody for a felony solely based on the pre-sentence investigation (PSI) and sentencing worksheet. The PSI shows that Quenzer has a "Burglary - 3rd" conviction and an "Escape from Custody" conviction with the same "Date of Offense" of February 5, 2004. The PSI also states that Quenzer was sentenced for both offenses on October 25, 2004 to "5 years penitentiary, 1 year suspended." Similarly, the sentencing worksheet shows a South Dakota "Burglary-3rd Degree" conviction and a South Dakota "Escape from Custody" conviction both with

5

disposition dates in October of 2004. The district court appears to have assumed that because third-degree burglary is a felony in both states and the third-degree burglary appears to have occurred on the same date as the escape-from-custody, Quenzer must have been in custody on the felony of third-degree burglary at the time of his escape. *Compare* Minn. Stat. § 609.582, subd. 3 (2012), *with* S.D. Codified Laws § 22-32-8 (1998). But it is possible that at the time of Quenzer's escape the authorities were as yet unaware of the burglary. It is also possible that Quenzer committed the burglary after his escape-from-custody. Furthermore, S.D. Codified Laws § 22-32-8 defines third-degree burglary as "enter[ing] an unoccupied structure, with intent to commit *any crime*." (Emphasis added). Minnesota defines third-degree burglary as "enter[ing] a building . . . *with intent to steal or commit any felony or gross misdemeanor*." Minn. Stat. § 609.582, subd. 3 (emphasis added). In Minnesota, a person who enters a building "with intent to commit a misdemeanor other than to steal" is guilty of fourth-degree burglary, a gross misdemeanor. Minn. Stat. § 609.582, subd. 4 (2012). Therefore Quenzer's South Dakota third-degree burglary does not necessarily equate to a felony in Minnesota.

There is also no indication in the PSI how it was determined that the escape-from-custody and the burglary were committed on February 5, 2004. A "Record Search Report" from the "South Dakota Unified Judicial System" was submitted to the district court before Quenzer's sentencing hearing. The report shows that Quenzer was originally charged in Brown County South Dakota with two separate escape-from-custody offenses. The first escape-from-custody offense was charged on January 13, 2004, and the second escape-from-custody offense was charged on February 24, 2004. The report shows that Quenzer

6

was convicted after a jury trial on the second escape-from-custody charge, and the first was dismissed by the state. The "Record Search Report" does not list an offense date for either escape-from-custody charge. But the report does show that Quenzer was arrested for the first charged escape-from-custody as well as several other charges on February 5, 2004. The offense dates on the PSI match either the arrest date or the charging date on the "Record Search Report" for nearly every offense listed in the PSI except the second charged escape-from-custody and the third-degree burglary that was charged on the same date. Instead of determining the actual offense dates, the PSI preparer appears to have used the later of the arrest date or charging date listed on the "Record Search Report." The PSI preparer also appears to have mistakenly listed the arrest date for the first charged escape-from-custody as the offense date for the second charged escape-from-custody.[2]

The state argues that the "Record Search Report" proves that Quenzer was in custody on a felony insufficient-funds-check charge at the time of the second escape-from-custody. The report shows that Quenzer was arrested on February 5, 2004 for the felony offense of "Insufficient Fund Chk 1st Deg Over $500" in violation of S.D. Codified Laws § 22-41-1 (1998). A warrant was issued on January 8, 2004 for Quenzer's arrest on this offense. Issuing an insufficient-funds check with a value of more than $500 is a felony in both Minnesota and South Dakota. *Compare* S.D. Codified Laws § 22-41-1 *with* Minn.

---

[2] There are other anomalies in the PSI that also indicate that the offense dates listed are inaccurate. A March 1994 offense is listed in the PSI as occurring on March 25, 1994, despite the fact that Quenzer was arrested on March 24, 1994, and a September 1991 offense is listed in the PSI as occurring on September 14, 1991, despite the fact that it was charged on September 12, 1991.

7

Stat. § 609.535, subd. 2a(1) (2012). The state argues that this proves by a fair preponderance of the evidence that Quenzer was in custody for a felony at the time of his escape and is sufficient to support the district court's use of the conviction in determining Quenzer's criminal-history score. But this assumes that the second escape-from-custody occurred during the period of January 8, 2004 to February 5, 2004. Without an offense date for either escape charge, it is impossible to say with any certainty what Quenzer was in custody for at the time of the second charged escape-from-custody.

Quenzer argues that at the time of the second charged escape he was in custody for "petty theft." The state maintains that the "Record Search Report" disproves this claim because it shows that, although Quenzer was "served with a warrant for petty theft," the petty-theft warrant was not issued until after the escape-from-custody was charged. But the report lists a "Petty Theft-2nd Degree - Less $100" charge filed in Brown County on February 18, 2004, and an arrest warrant issued that same date. This arrest warrant was issued before Quenzer was charged with the second escape-from-custody on February 24, 2004. The report also lists a misdemeanor "Obstruct Police, Jailer or Firefighter" charge that was filed on December 31, 2003. A warrant was issued for this offense on that same date, and the arrest date for this offense is listed as February 5, 2004. Warrants for Quenzer's arrest were also issued on a misdemeanor "Insufficient Funds Check 3rd Degree, $100 or Less" charge on December 23, 2003, and February 12, 2004. And a warrant for Quenzer's arrest was issued on January 28, 2004 on a misdemeanor "Simple Assault (Domestic Violence)" charge. It is possible the second charged escape occurred between December 23, 2003 and January 8, 2004, before the felony insufficient-funds-check

8

warrant was issued. It is also possible that the second charged escape occurred between February 12, 2004 and February 24, 2004, when the felony warrant was no longer active and there were active warrants for Quenzer's arrest on misdemeanor charges, including the petty-theft charge.

We conclude that the state failed to prove by a fair preponderance of the evidence that the out-of-state escape-from-custody conviction constitutes a felony in Minnesota. Therefore, the district court abused its discretion by using the conviction to determine Quenzer's criminal-history score.

*Quenzer's Motion to Strike the State's Addendum*

The state filed an addendum containing copies of South Dakota police reports and warrants that were not presented to the district court. The state maintains that the documents in the addendum prove that Quenzer's escape-from-custody conviction constitutes a felony in Minnesota. Quenzer filed a motion to strike the addendum and any references to the addendum in the state's brief.

"The record on appeal consists of the papers filed in the district court, the offered exhibits, and the transcript of the proceedings, if any." Minn. R. Crim. P. 28.02, subd. 8. "The court will strike documents included in a party's brief that are not part of the appellate record." *Fabio v. Bellomo*, 489 N.W.2d 241, 246 (Minn. App. 1992), *aff'd*, 504 N.W.2d 758 (Minn. 1993). But "appellate courts, in order to sustain verdicts and judgments, will permit omissions to be supplied by documentary evidence of a conclusive nature." *Chahla*

9

*v. City of St. Paul*, 507 N.W.2d 29, 33 (Minn. App. 1993) (quotation omitted), *review denied* (Minn., Jan. 20, 1994).

The evidence in the state's addendum is not part of the appellate record and is not the type of conclusive documentary evidence that may be received on appeal. Quenzer's motion to strike is granted.

### *Procedure on Remand*

Finally, the state argues that it should have an opportunity to present additional evidence proving the out-of-state conviction on remand. Quenzer asks that this request be denied.

Where the issue of the out-of-state conviction is not specifically addressed by the parties or the district court, the state may be permitted to submit additional evidence to prove the conviction on remand. *See Reece*, 625 N.W.2d at 825-26; *State v. Outlaw*, 748 N.W.2d 349, 356 (Minn. App. 2008), *review denied* (Minn. July 15, 2008); *State v. Strom*, 430 N.W.2d 860, 864 (Minn. App. 1988). But where the out-of-state conviction was objected to at sentencing and the district court ruled on the objection, we have not permitted the state to introduce additional evidence to prove the conviction. *See Maley*, 714 N.W.2d at 715; *State v. Johnson*, 411 N.W.2d 267, 270 (Minn. App. 1987); *State v. Yanez*, 373 N.W.2d 640, 642 (Minn. App. 1985).

Although Quenzer did not object to the use of the escape-from-custody conviction at his original sentencing hearing, he clearly did so at his continued sentencing hearing,

10

and the district court made a clear ruling on the issue. Accordingly, we remand for resentencing pursuant to a criminal-history score of three.

**Reversed and remanded; motion granted.**