ERNEST KLICKER AND OTHERS v. STATE AND ANOTHER.
MINNESOTA ENVIRONMENTAL CONTROL CITIZENS ASSOCIATION, DEFENDANT IN INTERVENTION.

197 N. W. 2d 434.

April 21, 1972—No. 43094.

**150**

*Gislason, Alsop, Dosland & Hunter, Sidney P. Gislason,* and *Donald F. Hunter,* for appellants.

*Warren Spannaus,* Attorney General, and *Eric B. Schultz,* Deputy Attorney General, for respondents.

*Marvin G. Lind,* for respondent defendant in intervention.

Heard before Knutson, C. J., and Rogosheske, Todd, and Mason, JJ.

MILTON D. MASON, JUSTICE.*

Plaintiffs appeal from a judgment entered pursuant to an order dismissing that portion of their complaint which alleges that Minn. St. 1969, c. 173, constitutes a taking of property rights without just compensation. The action was for declaratory and injunctive relief.

The questions for determination are: (1) May appellants attack the constitutionality of Minn. St. 1969, c. 173, by presenting evidence that the amortization therein provided is a taking of property without just compensation? (2) Is a class action proper

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

in these proceedings? (3) Is due process of law otherwise available to prevent the taking of property without just compensation? The amendment of this chapter by L. 1971, c. 883, is not in issue.

Minn. St. 1969, c. 173, "Advertising Devices," enacted in 1965, generally provides for the regulation and control of certain advertising devices (hereafter signs) along Minnesota highways. The sections of the chapter in contention here, §§ 173.17 and 173.47, required the removal by July 1, 1969, of certain signs in existence on May 26, 1965. By allowing 4 years prior to removal, the legislature sought to compensate for the taking by amortization rather than by eminent domain.

Amortization, pursuant to the state's police power, is a device that has been used frequently in recent years to serve as an alternative form of compensation. Appellants do not attack the amortization technique itself as being unconstitutional but claim that the amortization period in c. 173 is unreasonable and arbitrary. The amortization process has been held constitutional in other jurisdictions. See, National Advertising Co. v. County of Monterey, 1 Cal. 3d 875, 83 Cal. Rptr. 577, 464 P. 2d 33 (1970); City of Los Angeles v. Gage, 127 Cal. App. 2d 442, 274 P. 2d 34 (1954); and Annotation, 22 A. L. R. 3d 1134. But see Hoffman v. Kinealy, 389 S. W. 2d 745 (Mo. 1965), where the court held that an ordinance which terminated a nonconforming use after a 6-year amortization period took a vested right without compensation.

1. In Naegele Outdoor Advertising Co. v. Village of Minnetonka, 281 Minn. 492, 162 N. W. 2d 206 (1968), this court upheld the validity of a zoning ordinance requiring removal of nonconforming signs within a 3-year period. It is the interpretation of that case with which we are first concerned. Therein the appeal was preceded by a full evidentiary hearing resulting in findings of fact and conclusions of law by the lower court. Based on the full record presented therein, this court held the ordinance in question constitutional. The plaintiff had failed to meet its bur-

den of proof by producing little or no evidence to show that the 3-year amortization period of the ordinance was unreasonable.

Plaintiffs' allegation here, that Minn. St. 1969, c. 173, constituted a taking of property without just compensation, was dismissed by the lower court on the ground that it failed to state a claim on which relief could be granted. Unlike the situation in Naegele Outdoor Advertising Co. v. Village of Minnetonka, *supra,* this case comes to us on appeal without the benefit of a full evidentiary hearing. Such a hearing is necessary to develop requisite facts as a basis for deciding the constitutional issue. Without such a basis, we cannot rule on the constitutionality of a statute. In Grobe v. Oak Center Creamery Co. 262 Minn. 60, 63, 113 N. W. 2d 458, 460 (1962), a case involving the constitutionality of an act granting the power of eminent domain to creamery associations (Minn. St. 308.39), we said:

"The legislation comes to this court with a presumption in favor of its constitutionality. Where, as here, we cannot say the statute is inherently unconstitutional, its validity must stand or fall upon the record before the lower court and not upon assumptions this court might make in the absence of proof incorporated in a settled case. This is not a case where the constitutional facts are adequately ascertainable by judicial notice or even judicial assumption. Because of the absence of a settled case or a certificate of the trial judge as to the accuracy and completeness of the record, we decline to pass upon the constitutionality of the act."

Thus, we hold that affected persons must be given the opportunity to prove their claim that the statute's amortization period is unconstitutionally unreasonable or arbitrary.

The burden of proving that a statute is unconstitutional is upon the party who asserts it. The plaintiffs here have that burden. The standard that their proof must meet was carefully delineated in Naegele in the following terms:

"Plaintiff cannot successfully challenge this ordinance as unconstitutional on its face unless it would be unconstitutional as

applied to the property interests of every billboard owner. The underlying issue in making this determination must therefore be whether the amortization period provided by the statute is reasonable. If the value of plaintiff's property interest was extinguished before the running of the 3-year period, there would be no taking, or if the value of freedom from new competition for the statutory period equalled the value of the property interest remaining at the end of the period, there would be just compensation for the taking. In either case, the length of the amortization period is reasonable and the ordinance therefore is constitutional. Moreover, since several conceivable applications of the ordinance are reasonable, it is not unconstitutional by its terms. The question then becomes one of the unconstitutional application of the ordinance in a given case, and the burden is on plaintiff to establish that the ordinance, as applied, is unconstitutional." 281 Minn. 501, 162 N. W. 2d 213.

See, also, National Advertising Co. v. County of Monterey, 211 Cal. App. 2d 375, 27 Cal. Rptr. 136 (1962).

Applying that standard here will require proof by plaintiffs as to whether the many conceivable applications of c. 173 are unreasonable. Not only the 4-year amortization period of the statute, but in addition, any time that has elapsed as a result of the pendency of this litigation must be considered in determining the reasonableness of the statute's applications. See, Eutaw Enterprises, Inc. v. City of Baltimore, 241 Md. 686, 217 A. 2d 348 (1966).

2. Respondents challenge the use of a class action pursuant to Rule 23, Rules of Civil Procedure, for the purpose of attacking the constitutionality of the amortization period. In this case there are 40 plaintiffs, including landowners, advertising companies, and advertisers from several counties of the state. In their brief respondents indicate that on October 1, 1970, there were 2,388 nonconforming signs in existence. The class action will involve only the constitutionality of c. 173. Thus, the first two requisites of Rule 23.01, Rules of Civil Procedure, are easily

met. Admittedly, there will be varying questions of law and fact applicable to individual members of the class, but these questions do not predominate over those which are common to the class. In fact, some proof relating to individual members of the class will be indispensable to a resolution of the common issue. It is likely that difficulties will be encountered in the management of this class action, but these are insignificant when compared to the difficulties and inconsistencies that may result from a number of actions brought in the various counties of the state involving the same issue.

Allowing the joinder of parties in a class action to litigate issues such as those involved here is not unusual. In Grant v. City of Baltimore, 212 Md. 301, 129 A. 2d 363 (1957), an action was brought by billboard companies and owners of property leased for billboard use to restrain enforcement of an ordinance requiring removal of nonconforming signs. The court approved the intervention of several home owners although the number of parties does not appear. Similarly, in a Nebraska case, a class action was used to attack the constitutionality of an ordinance prohibiting dog kennels in nonconforming use 7 years after the enactment of the ordinance. Wolf v. City of Omaha, 177 Neb. 545, 129 N. W. 2d 501 (1964). Although the court did not pass on the question of a class action, it held the ordinance to be a reasonable exercise of the state's police power.

3. Minn. St. 1969, §§ 173.17 and 173.47, here under consideration, provided for the removal of nonconforming signs after notice and hearing. Minn. St. 15.0424 provides for judicial review of decisions of state agencies. Here, again, we are confronted with a potential plethora of actions in various counties of the state. If there are 2,388 nonconforming signs to be considered, the courts would be deluged with actions. We agree that cases such as State, by Mattson, v. Prow's Motel, Inc. 285 Minn. 1, 171 N. W. 2d 83 (1969), Thomsen v. State, by Head, 284 Minn. 468, 170 N. W. 2d 575 (1969), and State, by Peterson, v. Anderson, 220 Minn. 139, 19 N. W. 2d 70 (1945), suggest that the writ of

mandamus is proper to compel eminent domain proceedings to compensate landowners for property interests taken or damaged by state action. Nevertheless, without an initial disposition of the constitutional question based on an evidentiary hearing by the trial court, the question of whether due process of law is otherwise available to plaintiffs is not properly raised at this time.

In summary, we hold that the ruling of the trial court, dismissing that portion of plaintiffs' complaint alleging that Minn. St. 1969, c. 173, constituted a taking of property rights without compensation was in error. We also hold that a class action is proper in these proceedings, and that the question of whether due process of law is otherwise available is not properly presented for decision at this time.

It is conceivable that any one of the owners of advertising devices, or advertisers, could, by petition for mandamus, require the state to bring an action in eminent domain for all their properties in the state. However, plaintiffs here include landowners in only three separate counties. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Rule 23.02(3), Rules of Civil Procedure.

We do not now direct the manner or type of evidence to be adduced on trial. The various owners of advertising devices may show how many signs of certain types they own and where situated, whether sold in "packages" in varying numbers, the type of leases with the advertisers and landowners, and whether the leases are cancelable and on what basis. They may also present expert testimony as to depreciation of various types of signs and may adduce any other evidence proper for their claim that Minn. St. 1969, c. 173, is unconstitutional as taking their property without just compensation.

Reversed and remanded.