STATE of Minnesota, Respondent,

v.

Rodney B. KAGER, Appellant.

No. C9–84–197.

Court of Appeals of Minnesota.

Nov. 13, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Mark J. Johnson, Minneapolis, for respondent.

Susan E. Barnes, Larkin, Hoffman, Daly & Lindgren, Minneapolis, for appellant.

Heard, considered and decided by POPO-VICH, C.J., and SEDGWICK and LESLIE, JJ.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

˙ Because of the unique procedural posture of this case, the record is extremely limited. Rodney B. Kager is the vice president and district manager at Woodlake Sanitary Services, Inc., a company operating the Flying Cloud Landfill in Eden Prairie.

On March 25, 1983, Kager was issued a citation for failing to keep accurate records in violation of Minn.Stat. § 169.872, subd. 1 (1982), which provides:

Subd. 1. *Record keeping.* A person who weighs goods before or after unloading or a person who loads or unloads goods on the basis of liquid volume measure shall keep a written record of the origin, weight and composition of each shipment, the date of loading or receipt, the name and address of the shipper, the total number of axles on the vehicle or combination of vehicles, and the registration number of the power unit or some other means of identification by which the shipment was transported.

*Id.* Invoices from the Flying Cloud Landfill omitted the origin of the shipment, the composition of the shipment, and the number of axles on each vehicle.

Kager's attorney and the prosecutor arrived at an "unusual type of plea." Kager was to plead guilty, voice his constitutional objections to the statute, and then challenge the constitutionality of the statute on appeal. This plea was accepted by the trial court, which did not rule on the constitutional issue involved.

Kager appealed without formally notifying the attorney general the constitutionality of a statute was being questioned, apparently relying that an assistant attorney general was present on an antitrust matter involving appellant.

## DECISION

1. This court will not rule on the constitutionality of a statute when the issue was not raised or ruled upon at the trial level.

[T]his case comes to us on appeal without the benefit of a full evidentiary hearing. Such a hearing is necessary to develop requisite facts as a basis for deciding the constitutional issue. Without such a basis, we cannot rule on the constitutionality of a statute.

*Klicker v. State,* 293 Minn. 149, 152, 197 N.W.2d 434, 436 (1972); *see In the Matter*

*of the Welfare of C.L.L.,* 310 N.W.2d 555, 557 (Minn.1981).

2. A conditional guilty plea is not recognized in Minnesota. *State v. Faber,* 343 N.W.2d 659, 660 (Minn.1984). The effect of this plea was to preclude a record upon which this court could decide appellant's constitutional issues. Thus, there would be no judicial economy by deciding these issues at this time.

3. Further, this court will not rule on the constitutionality of a statute unless the attorney general has been notified pursuant to Minn.R.Civ.App.P. 144.

4. Appellant did, however, attempt to preserve the constitutional issues for appellate review. Appellant will be allowed to withdraw his guilty plea and raise the constitutionality of Minn.Stat. § 169.-872, subd. 1 before the trial court, which should rule prior to any further appeal to this court. *See State v. Lothenbach,* 296 N.W.2d 854, 858 (Minn.1980). At oral arguments, in response to panel questions, the parties also recommended remand.

This matter is dismissed and remanded.