STATE of Minnesota, Respondent,

v.

Edward Larry JACKSON, Appellant.

No. C2–84–1336.

Court of Appeals of Minnesota.

Dec. 4, 1984.

§ 1. The newly amended statute was effective July 1, 1984, and does not apply here. *See* 1984 Minn.Laws ch. 472, § 2.

Hubert H. Humphrey, III, Atty. Gen., State of Minn., St. Paul, Thomas J. Foley, Ramsey County Atty., Thomas Poch, Asst. County Atty., St. Paul, for respondent.

Lawrence Laine, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant Jackson appeals his sentence for two counts of aggravated forgery contending (1) he should not have received a criminal history point for a 1976 California forgery conviction, (2) he should not have received another point for custody status, and (3) the prosecutor should have been prevented from arguing against a stay of execution.

## FACTS

Appellant pleaded guilty to two counts of aggravated forgery. He was sentenced to 21 months for one count and 22 months for the other. The sentences are concurrent and concurrent with any previously imposed sentence. The sentence of 21 months was based upon a total of five felony history points plus one custody status point at severity level two. The sentence of 22 months is based on a *Hernandez* total of six history points plus one custody status point at severity level one.

## ISSUES

1. Did the sentencing court err when it found appellant had a prior conviction for forgery and assigned a felony point?

2. Was there evidence appellant's federal sentence had been extended?

3. Should the prosecutor have been prevented from arguing against a stay of execution?

## ANALYSIS

1. The sentencing court gave appellant one felony point for a 1976 California forgery conviction. He admitted several other convictions but denied he had been convicted of forgery in California. The prosecutor asked the court to call probation officer Mark Guillemette either as an officer of

the court or as a sworn witness. Guillemette was not sworn. Appellant did not object to Guillemette's advising the court as an officer of the court. Guillemette said he established appellant's April 1975 arrest for forgery from a federal presentence investigation dated February 17, 1976. He said he had an October 19, 1976 federal presentence investigation and a letter from the Los Angeles County Sheriff's Department listing appellant's prior arrests including the April 1975 arrest. Guillemette advised the court the Los Angeles Probation Department's card file indicated Edward Larry Jackson pleaded guilty to possession of a forged check and received three years probation, a felony sentence. The Los Angeles file contained Jackson's date of birth, his place of birth and his parents' names, which was the same information appellant gave Guillemette.

■ The state has the burden of establishing the facts necessary to justify consideration of out-of-state convictions used to determine a defendant's criminal history score. *State v. McAdoo*, 330 N.W.2d 104, 109 (Minn.1983). The state must establish by a fair preponderance of the evidence that the prior conviction was valid, the defendant was the person involved, and the crimes constituted felonies in Minnesota. *State v. Griffin*, 336 N.W.2d 519, 525 (Minn.1983).

The state is not required to provide a certified copy of the conviction to meet its burden of proof. Rather, the supreme court has adopted Minn.R.Evid. 1005 as the "appropriate standard" to be used when documenting a conviction. *Id.* Rule 1005 provides:

> The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with rule 902 or testified to be correct by a witness who has compared it with the original. *If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence, then other evidence of the contents may be given.*

Minn.R.Evid. 1005 (emphasis added). Other evidence of contents includes oral testimony. Minn.R.Evid. 1005 committee comment—1977.

■ In this matter, there was no certified copy of the California conviction. Other evidence of the contents of official records, however, was available. Appellant made no objection to Guillemette's advising the court as an officer of the court rather than as a sworn witness. Based on the advice and testimony given, the trial court correctly found the state proved appellant had a prior conviction for forgery in California.

■ 2. The trial court found appellant was still under the United States Parole Commission's jurisdiction for another unrelated crime and assigned appellant a custody status point. *See* Minnesota Sentencing Guidelines II.B.2. Appellant contends the trial court erred because the State did not prove the Commission extended appellant's parole beyond its original expiration date of August 11, 1983. Since this appeal involves felonies committed after August 11, 1983, appellant would not receive a custody status point if his parole had expired at that time.

Appellant submitted an unsigned notice of discharge from the United States Parole Commission dated August 16, 1983. Appellant admitted at the plea hearing, however, that the Commission filed a detainer against him prior to August 11, 1983 because of an earlier arrest on April 5, 1983. The effect of the detainer warrant was to extend the term of appellant's parole beyond its original expiration date. *See Barrier v. Beaver*, 712 F.2d 231, 236 (6th Cir. 1983).

> The issuance of a warrant under this section operates to bar the expiration of the parolee's sentence. Such warrant maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence * * *.

28 C.F.R. § 2.44(d) (1984). Guillemette also advised the court appellant's federal parole did not contain a discharge. The trial court properly assigned appellant a custody point.

■ 3. Appellant also claims 18 U.S.C. §§ 4210–14, which allows the extension of a sentence, is unconstitutional. We will not rule on the constitutionality of a statute when the issue was not raised or ruled upon at the trial level. *See In the Matter of the Welfare of C.L.L.*, 310 N.W.2d 555, 557 (Minn.1981); *Klicker v. State*, 293 Minn. 149, 152, 197 N.W.2d 434, 436 (1972).

■ 4. Appellant claims the prosecutor should have been prevented from arguing against a stay of execution of sentence because it was agreed his state sentence would be concurrent with any federal sentence.

In the January 1984 plea negotiations, it was agreed appellant's sentences would be concurrent with any sentences previously imposed. But, if it was determined before the proposed sentencing date that federal authorities would require appellant to serve time consecutively on a sentence which had been previously imposed, then the plea would be withdrawn.

At sentencing, appellant's counsel told the court he had been in contact with federal authorities who said appellant would be required to serve any time in a federal sentence consecutive to the state sentence. Appellant's counsel said his understanding of the agreement was that the court would stay execution of any sentence it might impose pending action by federal authorities. The trial court's understanding of plea agreement differed from appellant's. It vacated the agreement and set the matter for trial even though appellant offered to waive any disagreement so he could be sentenced at that time.

When the plea was taken, it was agreed the sentences were to run concurrently. The trial court said that, if defendant asked for a stay of execution, he would consider it but he would make no commitment. At the sentencing hearing, the court said that he did not think he had bound himself to an agreement to stay the execution of the state sentence and denied appellant's motion to stay.

The stay of execution was not a part of the plea agreement in this case. Appellant did not reasonably understand the state sentence would run concurrently with any federal sentence. Thus, the trial court did not err in allowing the prosecution to argue against a stay of execution.

## DECISION

The appellant properly received a criminal history point and a custody status point. The trial court did not err in allowing the prosecutor to argue against a stay of execution.

Affirmed.