**STATE of Minnesota, Respondent,**

v.

**Patrick K. HAMILTON, Appellant.**

**No. C5–85–434.**

Court of Appeals of Minnesota.

Nov. 5, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert J. Alfton, Minneapolis City Atty., William J. Korn, Asst. City Atty., Minneapolis, for respondent.

William R. Kennedy, Hennepin County Public Defender, David M. Duffy, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## SUMMARY OPINION

NIERENGARTEN, Judge.

### FACTS

Appellant Patrick Hamilton was charged with making an illegal U-turn with a taxi cab on Marquette Avenue near Eighth Street in downtown Minneapolis at 11:30 a.m. on June 20, 1984. Hamilton was cited for making a U-turn where his car "cannot be seen by the driver of any other vehicle approaching from either direction within 1,000 feet." Minn.Stat. § 169.19, subd. 2 (1984). Hamilton was found guilty and appeals, claiming Minn.Stat. § 169.19, subd. 2 is constitutionally vague and that the evidence was insufficient to sustain his conviction.

### DECISION

1. Hamilton never raised this issue at the trial court level and is precluded from raising it on appeal. "This court will not rule on the constitutionality of a statute when the issue was not raised or ruled upon at the trial level." *State v. Kager*, 357 N.W.2d 369, 370 (Minn.Ct.App.1984).

2. The evidence was sufficient to sustain the trial court's conclusion that Hamilton made an illegal U-turn. Minn. Stat. § 169.19, subd. 2 provides:

No vehicle shall be turned so as to proceed in the opposite direction upon any curve, or upon the approach to or near the crest of a grade, where such vehicle cannot be seen by the driver of any other

vehicle approaching from either direction within 1,000 feet.

The arresting police officer testified that the noon time traffic was too heavy to see a U-turn for 1,000 feet in either direction. Although the statutory language is less than precise, the interpretation placed upon it by the trial court, in the context of the evidence presented at trial, was proper.

We note the language of Minn.Stat. § 169.19, subd. 2 could be more carefully written and perhaps should also be reviewed for its applicability to present day traffic movement.

Affirmed.