*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0289, A15-0290**

State of Minnesota,
Respondent,

vs.

Archester Rodgers, Jr.,
Appellant.

**Filed January 25, 2016
Reversed and remanded
Hooten, Judge**

Blue Earth County District Court
File Nos. 07-CR-14-779, 07-CR-14-1043

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Patrick R. McDermott, Blue Earth County Attorney, Susan B. DeVos, Assistant County Attorney, Mankato, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Hooten, Judge; and Smith, Judge.

## U N P U B L I S H E D   O P I N I O N

**HOOTEN**, Judge

Appellant challenges his criminal sentences, claiming that the district court abused its discretion by applying an incorrect criminal history score. Because the state did not meet its burden of proving appellant's prior out-of-state convictions, his probationary

status in Mississippi, and that the Mississippi convictions were not part of a single behavioral incident, we reverse and remand for resentencing.

**FACTS**

On March 7, 2014, appellant Archester Rodgers, Jr. was charged with ten counts, including terroristic threats,[1] fleeing a peace officer in a motor vehicle, and misdemeanor driving while impaired (DWI). On May 20, 2014, Rodgers was charged in a separate file with two counts, including failure to register as a predatory offender. On September 9, 2014, Rodgers pleaded guilty to one count each of terroristic threats, fleeing a peace officer in a motor vehicle, misdemeanor DWI, and failure to register as a predatory offender. Pursuant to a plea agreement, the state agreed to dismiss the remaining counts in both files, along with charges on two additional files. The parties agreed that the sentences would run concurrently.

A presentence investigation report (PSI) was completed by a probation officer and filed with the district court. A corrected sentencing worksheet was later filed for each felony charge to which Rodgers had pleaded guilty. In calculating Rodgers' criminal history score for his felony convictions, the probation officer considered two alleged felony convictions from Panola County, Mississippi: one conviction for rape and one conviction for sexual battery. According to the PSI, Rodgers committed both offenses on July 26,

---

[1] On May 12, 2015, the offense of "terroristic threats" was renamed "threats of violence." 2015 Minn. Laws ch. 21, art. 1, § 109, at 234 (amending Minn. Stat. § 609.713 (2014)). Because this change took effect after Rodgers committed his offense, we refer to the offense as "terroristic threats" rather than "threats of violence."

2

1998, and was sentenced on both convictions on December 6, 1999. On the corrected sentencing worksheets, the probation officer indicated that both Mississippi convictions were the Minnesota equivalent of first-degree criminal sexual conduct convictions and assigned criminal history points based on each Mississippi conviction. The probation officer also assigned Rodgers five misdemeanor units based on alleged misdemeanor convictions from Shelby County, Tennessee. The probation officer assigned Rodgers one misdemeanor/gross misdemeanor point for these Tennessee convictions. Finally, the probation officer assigned one custody status point for Rodgers' alleged probationary status in Mississippi, noting that Rodgers had been placed on "unsupervised probation" for both Mississippi convictions. The PSI recommended that Rodgers receive the presumptive guidelines sentence on all three convictions: using a criminal history score of six, 30 months in prison for terroristic threats; using a criminal history score of seven, 22 months in prison for fleeing a peace officer in a motor vehicle; and using a criminal history score of nine, 39 months in prison for failure to register as a predatory offender.[2]

A sentencing hearing was held on November 17, 2014. The prosecutor stated that the PSI "seems to be accurate and thorough" and asked the district court to adopt the PSI's sentencing recommendations. Defense counsel stated that she had "no . . . reason to dispute" the accuracy of the PSI's recommendations, but argued for a downward

---

[2] Under the *Hernandez* sentencing method, when sentencing multiple felony convictions for separate and distinct offenses that were not part of a single behavioral incident or course of conduct, the district court includes the criminal history for each conviction sentenced when calculating the criminal history score for the next sentence. *See State v. Hernandez*, 311 N.W.2d 478, 480–81 (Minn. 1981); *see also* Minn. Sent. Guidelines 2.B.1.e (Supp. 2013).

3

dispositional departure. The state did not offer documentation or other evidence of any of Rodgers' alleged out-of-state convictions or alleged probationary status on the Mississippi convictions. The district court sentenced Rodgers on the felony counts in accordance with the PSI's recommendations, ordering that the sentences would run concurrently, as the parties had agreed upon. The district court also sentenced Rodgers to 90 days in jail for the misdemeanor DWI conviction, to run concurrently with the other sentences. This appeal followed.

## D E C I S I O N

Rodgers argues that his sentences must be reversed and his case remanded for resentencing because the state failed to prove his out-of-state convictions, his probationary status in Mississippi, and that the Mississippi convictions were not part of a single behavioral incident. The state concedes that Rodgers is correct. "The district court's determination of a defendant's criminal-history score will not be reversed absent an abuse of discretion." *State v. Maley*, 714 N.W.2d 708, 711 (Minn. App. 2006). Here, Rodgers did not object to the calculation of his criminal history score, but a criminal defendant "may not waive review of his criminal history score calculation." *State v. Maurstad*, 733 N.W.2d 141, 147 (Minn. 2007).

## I.

Rodgers argues that the state failed to prove his out-of-state convictions and his probationary status in Mississippi. When a district court calculates a defendant's criminal history score, it must take into consideration the defendant's out-of-state convictions. Minn. Sent. Guidelines 2.B.5 & cmt. 2.B.502 (Supp. 2013). "But the district court may

4

not use out-of-state convictions to calculate a defendant's criminal-history score unless the state lays foundation for the court to do so." *Maley*, 714 N.W.2d at 711. The state has the burden of proving at sentencing sufficient facts to justify consideration of a defendant's out-of-state convictions. *Id.* "The state must establish by a fair preponderance of the evidence that the prior conviction was valid, the defendant was the person involved, and the crime would constitute" a felony, gross misdemeanor, or misdemeanor in Minnesota. *Id.*; *see* Minn. Sent. Guidelines 2.B.5. To prove an out-of-state conviction, the state is not required to supply certified copies of the conviction, but may supply such evidence as would be sufficient under Minn. R. Evid. 1005. *State v. Griffin*, 336 N.W.2d 519, 525 (Minn. 1983).[3] Minn. R. Evid. 1005 states:

> The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with Rule 902 or testified to be correct by a witness who has compared it with the original. If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence, then other evidence of the contents may be given.

In *Griffin*, appellant challenged the district court's decision to apply an Illinois felony conviction to his criminal history score, despite the state's failure to provide a certified copy of the conviction. *Id.* at 522, 525. But, the state had provided "considerable documentation" that showed that the out-of-state conviction was valid, appellant was the

---

[3] Minn. R. Evid. 1101(b)(3) states that the rules of evidence "do not apply" in sentencing proceedings. But, in *Griffin*, the supreme court concluded that rule 1005 "provides an appropriate standard" for proving a defendant's out-of-state convictions. 336 N.W.2d at 525.

person involved, and the crime would constitute a felony in Minnesota. *Id.* at 525. Citing Minn. R. Evid. 1005, the supreme court held that the state had proven the out-of-state conviction by a fair preponderance of the evidence. *Id.*; *see also State v. Jackson*, 358 N.W.2d 681, 683 (Minn. App. 1984) (holding that, despite lack of certified copy of California felony conviction, probation officer's unsworn "advice and testimony" at sentencing hearing proved conviction).

On the other hand, in *Maley*, appellant challenged the district court's decision to apply two California felony convictions to his criminal history score, even though the state had not introduced certified copies of the convictions or other documentary support. 714 N.W.2d at 710–11. Unlike in *Griffin* and *Jackson*, the state provided no "persuasive evidence that sufficiently substitute[d] for the official, certified record of conviction," such as other documentation or statements by the probation officer detailing how the out-of-state convictions were established. *Id.* at 712. This court reversed and remanded for resentencing. *Id.* at 715.

Here, the state did not offer into evidence certified copies, or any other documentation, of the alleged Mississippi and Tennessee convictions. And, while the probation officer briefly addressed the district court at sentencing, it was merely to correct one of the sentencing worksheets. The probation officer did not explain her basis for determining that Rodgers' out-of-state convictions were valid, Rodgers was the person involved, and the offenses would constitute felonies or misdemeanors in Minnesota. *See id.* at 711. The district court seemingly relied only on the PSI, the sentencing worksheets, and the parties' agreement with the probation officer's calculations to determine Rodgers'

criminal history score. We conclude that there was insufficient evidence for the district court to apply the alleged Mississippi and Tennessee convictions, as well as the alleged Mississippi probation violation, to Rodgers' criminal history score. Accordingly, Rodgers' sentences must be reversed, and Rodgers must be resentenced. *State v. Outlaw*, 748 N.W.2d 349, 356 (Minn. App. 2008), *review denied* (Minn. July 15, 2008). Rodgers did not object at sentencing to the district court's use of the alleged out-of-state convictions and probationary status to determine his criminal history score. Therefore, on remand, the state "is permitted to further develop the sentencing record so that the district court can appropriately make its determination." *Id.*

**II.**

Rodgers also argues that the state did not prove that the Mississippi felonies were not part of a single behavioral incident. Generally, "if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses." Minn. Stat. § 609.035, subd. 1 (2012). "The state has the burden of proving the facts which establish the divisibility of a defendant's course of conduct for purposes of section 609.035." *State v. McAdoo*, 330 N.W.2d 104, 109 (Minn. 1983). Under the Minnesota Sentencing Guidelines, when assigning felony points based on prior convictions resulting in multiple sentences but arising from a single course of conduct, the district court must "include in criminal history only the weight from the offense at the highest severity level." Minn. Sent. Guidelines 2.B.1.d.(1) (Supp. 2013).

Rodgers is correct that the state did not prove that the Mississippi felonies were not part of a single behavioral incident. The PSI indicates that both offenses occurred on the

7

same date (July 26, 1998) and were sentenced on the same date (December 6, 1999). On remand, assuming that the state proves the existence of the Mississippi convictions, the district court must include in Rodgers' criminal history score "only the weight from the [Mississippi] offense at the highest severity level" unless the state can sufficiently prove that the Mississippi offenses were not part of a single behavioral incident. *See id.*; *cf. Outlaw*, 748 N.W.2d at 356.

In summary, because the state did not carry its burden of proving Rodgers' out-of-state convictions, his probationary status in Mississippi, and that the Mississippi convictions were not part of a single behavioral incident, the district court abused its discretion in assigning criminal history points for the out-of-state convictions and for Rodgers' probationary status. Accordingly, we reverse Rodgers' sentences and remand for a hearing to further develop the sentencing record and for resentencing.

**Reversed and remanded.**