# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A25-0094

State of Minnesota,
Respondent,

vs.

Antonio Devell Johnson,
Appellant.

**Filed January 20, 2026**
**Reversed and remanded**
**Ede, Judge**

Ramsey County District Court
File No. 62-CR-24-2858

Keith Ellison, Attorney General; and St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Anna R. Light, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Andrea Barts, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Johnson, Judge; and Ede, Judge.

## SYLLABUS

To justify a district court's inclusion of out-of-state convictions in a defendant's criminal-history score, the State of Minnesota does not satisfy its burden of establishing the validity of the convictions and that the defendant was the person involved by relying solely on a presentence investigation report that does not meet the standard set forth in Minnesota Rule of Evidence 1005.

**OPINION**

**EDE**, Judge

In this appeal from final judgments of conviction for first-degree aggravated robbery, second-degree assault, and threats of violence, appellant challenges the district court's sentence, which relied on three unobjected-to out-of-state convictions in calculating his criminal-history score. Because respondent did not satisfy its burden of establishing the facts necessary to justify the district court's inclusion of the out-of-state convictions in appellant's criminal-history score, we conclude that the court abused its discretion in sentencing appellant. We therefore reverse and remand to allow respondent to further develop the sentencing record in the district court.

**FACTS**

Respondent State of Minnesota charged appellant Antonio Devell Johnson with aggravated robbery, in violation of Minnesota Statutes section 609.245, subdivision 1 (2022), second-degree assault, in violation of Minnesota Statutes section 609.222, subdivision 1 (2022), and threats of violence, in violation of Minnesota Statutes section 609.713, subdivision 1 (2022). The matter proceeded to a court trial. The district court found Johnson guilty of all three charged offenses and ordered the completion of a presentence investigation report (PSI).[1]

---

[1] Materials filed as confidential in the district court remain nonpublic on appeal. Minn. R. Civ. App. P. 112.02, subd. 1. But we are not precluded "from mentioning the contents" of confidential or sealed documents when the information is "relevant to the particular issues or legal argument being addressed in the proceeding." Minn. R. Pub. Access to Recs. of Jud. Branch 4, subd. 4. We limit our recitation of the facts set forth in the PSI to the information that is relevant to the issues and arguments presented in this appeal.

2

The resulting PSI recommended that the district court assign Johnson six criminal-history points, including two-and-one-half points for out-of-state convictions. "[B]ased upon records made available to [Ramsey] Community Corrections," the PSI described the out-of-state convictions as follows:

05/22/10    Burglary – School / Daycare/ Place [of] Worship. (Severity level 5; 1 pt) Cook County, IL. 08/10/10, sentenced to 5 years imprisonment – DOC and 2 years MSR; credit 82 days. Paroled out: 04/15/11. Discharged: 05/08/12. Court file 10CR-103100

- 720 ILCS 5/19-1 (A) is a class 1 felony [and] is punishable [by] no less than 4 years and up to 15 years. Based on [the] offense description and sentence received, this offense appears comparable to M.S. 609.582.2(b); Burglary – 2nd Degree.
- According to the criminal complaint, Defendant knowingly entered a place of worship: World Harvest Church, with the intent to commit a theft.

05/31/11    Ct. 2) Knowingly Damage Property. (Severity level 2; .50 pt) Cook County, IL. 08/31/11, sentenced to 2 years imprisonment-DOC; 1 year MSR, credit 93 days. Paroled out: 05/25/12. Discharged: 01/18/13. Court file 11CR-092830

- 720 ILCS 5.0/21-1-1-A is a class 4 felony [and] is punishable [by] no less than 1 year and up to 3 years. Based on [the] offense description and sentence received, this offense appears comparable to M.S. 609.595.1, Criminal Damage to Property.
- According to the criminal complaint, without consent, Defendant damaged . . . land surveyor equipment, exceeding $300 but . . . not exceed[ing] $10,000.

3

| | |
|---|---|
| 09/09/12 | Burglary. (Severity level 5; 1 pt) Cook County, IL. 10/15/15, sentenced to 3 years imprisonment – DOC; 2 year MSR; credit 419 days; consecutive to 14CR1583301. Paroled out: 02/16/17. Discharged: 07/27/20. Court file 12CR-175530 |

- 720 ILCS 5/19-1-(A) is a class 2 felony [and] is punishable no less than 3 years and up to 7 years. Based on [the] offense description and sentence received, this offense appears comparable to M.S. 609.582.2(b); Burglary – 2nd Degree.
- According to the criminal complaint, Defendant knowingly entered, without authority[,] the property of M.N. through [the] garage, with the intent to commit theft.

An accompanying sentencing worksheet lists the same recommended criminal-history points for the foregoing out-of-state convictions. The PSI also includes a number of hyperlinks under the heading, "Illinois, Cook County Clerk of Court - criminal complaint and court documents," but the links are to webpages about Illinois statutes rather than any criminal complaint or document concerning the out-of-state convictions.

At sentencing, Johnson represented himself and was assisted by advisory counsel. Johnson did not object to the assignment of criminal-history points based on the out-of-state convictions.[2] But he did not admit facts relating to any of those convictions and did

---

[2] The district court asked Johnson if he had had the opportunity to review the PSI and whether he had any additions or corrections to it. Johnson responded: "I really don't understand how they got this. This seem[s] like it's going against me more than . . . what I spoke to the PSI agent [about]. But I see what they [have] on the paper . . . ." Johnson's advisory counsel challenged the presumptive sentencing guidelines range on an issue other than criminal-history points arising from the out-of-state convictions, and the district court

not concede that the PSI's descriptions of the convictions were accurate. The state relied on the PSI in requesting that the district court impose a sentence within the presumptive guidelines range and did not present any testimony or other evidence to establish the facts necessary to justify the district court's inclusion of the out-of-state convictions in Johnson's criminal-history score.

Consistent with the recommendation of the PSI, the district court determined that the presumptive sentencing guidelines range was 104 to 141 months, with a presumptive duration of 120 months, based on a 12-month enhancement under Minnesota Sentencing Guidelines 2.G.13.b (Supp. 2023), an offense severity level of 8, and six criminal-history points, which included one point each for the two Illinois burglary cases and one-half point for the Illinois property-damage case. The district court sentenced Johnson to 104 months' incarceration on the aggravated robbery charge—the lowest term within the presumptive guidelines range. Although it convicted him of the second-degree assault and threats-of-violence charges, the district court did not pronounce sentences on those counts.

Johnson appeals.

### ISSUE

Did the state satisfy its burden of establishing the facts necessary to justify the district court's inclusion of the out-of-state convictions in Johnson's criminal-history score by relying solely on the PSI?

_____

rejected that argument. Aside from requesting a downward durational departure, neither Johnson nor his advisory counsel raised any challenge to the sentencing guidelines range.

**ANALYSIS**

Johnson contends that the district court abused its discretion by including the three out-of-state convictions in his criminal-history score. In the district court, Johnson did not raise this issue. But "because a sentence based on an incorrect criminal history score is an illegal sentence—and therefore, under Minn. R. Crim. P. 27.03, subd. 9, correctable 'at any time'—a defendant may not [forfeit] review of his criminal history score calculation." *State v. Maurstad*, 733 N.W.2d 141, 147 (Minn. 2007); *see also State v. King*, 990 N.W.2d 406, 420 n.7 (Minn. 2023) ("[A] right may be forfeited by the failure to make timely assertion of the right, while waiver is the voluntary relinquishment of a known right." (quotations omitted)).

The state concedes that the district court abused its discretion by assigning points to Johnson's criminal-history score based on the PSI's description of the conviction in Illinois case number 11CR-092830 ("Knowingly Damage Property") because the state did not sufficiently establish the facts necessary to justify the court's inclusion of that conviction. But the state nonetheless maintains that the district court did not abuse its discretion in relying on the PSI's description of the convictions in Illinois case numbers 10CR-103100 ("Burglary – School / Daycare/ Place [of] Worship") and 12CR-175530 ("Burglary"), asserting that the PSI sufficiently establishes the facts of those convictions. We conclude that, by relying solely on the PSI in this case, the state did not satisfy its burden of establishing the facts necessary to justify the district court's inclusion of all three out-of-state convictions in Johnson's criminal-history score.

"We review determinations of a defendant's criminal history score for [an] abuse of discretion[,]" including challenges to the district court's reliance on out-of-state convictions. *State v. Edwards*, 900 N.W.2d 722, 727 (Minn. App. 2017), *aff'd mem.*, 909 N.W.2d 594 (Minn. 2018). Although a district court may rely on out-of-state offenses when calculating criminal-history points, *see* Minn. Sent'g Guidelines 2.B.5 (Supp. 2023), the state must "lay[] foundation for the court to do so," *State v. Maley*, 714 N.W.2d 708, 711 (Minn. App. 2006), and "has the burden at a sentencing hearing of establishing the facts necessary to justify consideration of out-of-state convictions in determining a defendant's criminal history score," *State v. McAdoo*, 330 N.W.2d 104, 109 (Minn. 1983).

In particular, the state must "produce evidence to establish by a fair preponderance of the evidence the validity of the prior convictions, the fact that the defendant was the person involved, and that the crimes constituted felonies in Minnesota." *State v. Griffin*, 336 N.W.2d 519, 525 (Minn. 1983). "An offense may be counted as a felony only if it would both be defined as a felony in Minnesota, and the offender received a sentence of 366 days or more, which includes the equivalent of a stay of imposition." Minn. Sent'g Guidelines 2.B.5.b; *see also State v. Pruitt*, 16 N.W.3d 856, 860 (Minn. App. 2025) (explaining the application of Minn. Sent'g Guidelines 2.B.5.b (Supp. 2021) in determining a defendant's criminal-history score). The state must satisfy its burden of establishing these facts to justify a district court's inclusion of out-of-state convictions in a defendant's criminal-history score, and the court abuses its discretion by including those convictions in the absence of such proof.

Establishing the validity of out-of-state convictions and that a defendant was the person involved does not require the state to supply the district court with certified copies of conviction records. *See Griffin*, 336 N.W.2d at 525 (rejecting the defendant's argument that, "whenever the defendant wants to put the state to its burden of proving a prior conviction, the state must come forward with certified copies" as "an absolute requirement because . . . it is apparently difficult to get certified copies from some places"). Instead, as the Minnesota Supreme Court explained in *Griffin*, Minnesota Rule of Evidence 1005 provides the "appropriate standard" to document a conviction. *Id.* Rule 1005 states:

> The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with Rule 902 or testified to be correct by a witness who has compared it with the original. If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence, then other evidence of the contents may be given.

Minn. R. Evid. 1005.

In *Griffin*, the supreme court affirmed the defendant's sentence without requiring the state to introduce a certified copy of the defendant's out-of-state conviction because "there was considerable documentation (which [was] appended to defendant's brief)" that the court held was "sufficient information to prove by a fair preponderance of the evidence that defendant had [the] prior conviction." 336 N.W.2d at 525. And in *State v. Jackson*, we cited *Griffin* and affirmed the defendant's sentence in the absence of a certified copy of an out-of-state conviction that the district court included in the defendant's criminal-history score. 358 N.W.2d 681, 682–83 (Minn. App. 1984). We did so "[b]ased on the advice and

8

testimony given" by a probation officer who, without objection, "advis[ed] the court as an officer of the court rather than as a sworn witness." *Id.* at 683. The probation officer provided "[o]ther evidence of the contents of official records" by describing his review of two "federal presentence investigation[s]," "a letter from the Los Angeles County Sheriff's Department," and "the Los Angeles Probation Department's card file," as well as identifying information that the defendant had provided the probation officer. *Id.*

In *Maley*, however, we reached a different conclusion in considering the state's reliance on the PSI and its accompanying sentencing worksheet to justify the district court's inclusion of two out-of-state convictions—which were otherwise "undocumented" in the sentencing record—in a defendant's criminal-history score. 714 N.W.2d at 710–11. We observed that "*Griffin* does not relieve the state of its burden to prove out-of-state convictions by a preponderance of the evidence; rather, it permits the district court to rely on persuasive evidence that sufficiently substitutes for the official, certified record of conviction." *Id.* at 712.

With that in mind, we reasoned in *Maley* that "the state failed to introduce evidence sufficient to meet" the fair-preponderance-of-the-evidence standard because the sentencing record did "not compare favorably" with that of *Griffin*, 336 N.W.2d at 525, where "in lieu of a certified record of conviction [the state had] presented considerable documentation that proved the defendant had been convicted of the out-of-state offense." *Id.* (quotations omitted). We also reasoned that the sentencing record in *Maley* "compare[d] unfavorably with the state's position" in *Jackson*, 358 N.W.2d at 683, in which the state had "provided the district court with the in-court advice and testimony of the probation officer, who

9

detailed for the court the various documents from federal and state probation and law-enforcement agencies verifying the defendant's arrest, guilty plea, sentence, and his identifying personal information." *Id.* (quotation omitted). Because the supporting evidence that the state presented in *Maley* was not admissible under rule 1005, we held that the district court abused its discretion by including the out-of-state convictions in the defendant's criminal-history score. *Id.* at 712, 714–15.

Johnson convincingly argues that the district court abused its discretion in calculating his criminal-history score based on the PSI's description of the out-of-state convictions. The state counters that "the detailed PSI" and its accompanying sentencing worksheet were "sufficient foundation for including the out-of-state convictions in [Johnson's] criminal-history score" because the PSI purportedly identified, for each case: the name of the offense; the jurisdiction; the date of the conviction; the length of each sentence; the type of sentence; the date of parole; the date of discharge; the court file number; the relevant Illinois statute; the comparable Minnesota statute; and a brief description of the offense conduct set forth in the criminal complaint. We agree with Johnson.

As in *Maley*, the "alleged [out-of-state] convictions are insufficiently documented to augment [Johnson's] sentence." *Id.* at 714. The state relied solely on the PSI, which generally mentions that its summary of Johnson's criminal history is "based upon records made available to [Ramsey] Community Corrections" and that the facts underlying the convictions are "[a]ccording to criminal complaint" in each case. But the PSI does not otherwise describe the sources of information showing that the out-of-state convictions

10

exist, nor does it establish that Johnson is the person convicted in each case. In fact, its hyperlinks under the heading, "Illinois, Cook County Clerk of Court - criminal complaint and court documents," are not to the criminal complaints or documents concerning the convictions; they are web pages about Illinois statutes.

The PSI is not a certified copy of the conviction records, it is unsupported by the testimony of any witness "who has compared it with the original" conviction records, and there is no showing that a copy of the conviction records complying with the rule "cannot be obtained by the exercise of reasonable diligence." Minn. R. Evid. 1005. As a result, the PSI is not "evidence admissible under rule 1005 supporting the existence of the . . . challenged [out-of-state] convictions." *Id.* at 712. Along with failing "to establish by a fair preponderance of the evidence the validity of the prior convictions," the PSI does not meet the rule 1005 standard as a basis for establishing "the fact that . . . [Johnson] was the person involved" in each out-of-state conviction. *Griffin*, 336 N.W.2d at 525. By relying solely on the PSI to establish the validity of the out-of-state convictions and that Johnson was the person involved, without introducing other evidence that comports with rule 1005, the state did not satisfy its burden to justify the district court's inclusion of the out-of-state convictions in Johnson's criminal-history score.

The state's citation to our nonprecedential opinion in *State v. Bauer*, No. A23-0769, 2024 WL 1613326, at *2 (Minn. App. Apr. 15, 2024), is unavailing because that case is both nonbinding and distinguishable. *See* Minn. R. Civ. App. P. 136.01, subd. 1(c) ("Nonprecedential opinions . . . are not binding authority except as law of the case, res judicata or collateral estoppel, but nonprecedential opinions may be cited as persuasive

11

authority."). In *Bauer*, we concluded that, based on the specific record before us, the district court did not abuse its discretion by including out-of-state convictions in the defendant's criminal-history score. 2024 WL 1613326, at \*2. We reasoned that the state had presented a detailed PSI that contained "offense descriptions, case numbers, disposition dates, sentencing information," and, "*[m]ore important*, [the defendant] conceded the fact of his convictions during his guilty-plea hearing." *Id.* (emphasis added). Unlike *Bauer*, Johnson never conceded the facts of the out-of-state convictions at issue here.

We are similarly unpersuaded by the state's invocation of our nonbinding decision in *State v. Knowles*, No. A17-0004, 2017 WL 6273124 (Minn. App. Dec. 11, 2017), *rev. denied* (Minn. Feb. 28, 2018). In *Knowles*, we concluded that the state had met its burden of proving the existence of the defendant's out-of-state convictions when the PSI identified each conviction and included "all the necessary information (e.g., descriptions of each crime, relevant dates, value of property, and sentence received)." 2017 WL 6273124, at \*5. We cannot say that *Knowles* is analogous to this case because our decision in that case does not elaborate on the nature of the information provided in the PSI.

Moreover, any persuasive value of our nonprecedential decision in *Knowles* is overcome by the greater weight of our more recent nonprecedential caselaw, in which we have applied *Maley* in reversing sentences when district courts relied solely upon PSIs and accompanying sentencing worksheets. *See, e.g.*, *State v. Johnson*, No. A23-1929, 2024 WL 4344822, at \*1, \*3–4 (Minn. App. Sept. 30, 2024) (concluding that the state "failed to present any evidence related to [the defendant's] out-of-state convictions" when it relied on the PSI and sentencing worksheet to justify the district court's inclusion of out-of-state

12

convictions in his criminal-history score), *rev. denied* (Minn. Jan. 21, 2025); *State v. Henry*, No. A23-0827, 2024 WL 1613911, at *1, *3 (Minn. App. Apr. 15, 2024) (reasoning that the state's "burden is not satisfied when the state relies only on a PSI and the sentencing worksheet," and concluding that "[t]he district court . . . abused its discretion by considering the out-of-state convictions" when "[t]he PSI and sentencing worksheet were the only bases upon which the state relied to establish the out-of-state convictions"); *State v. Keltner*, No. A21-0497, 2022 WL 764242, at *5–6 (Minn. App. Mar. 14, 2022) (reasoning that "[t]he state's reliance solely on statements in the PSI is similar to the approach that this court deemed inadequate in *Maley*," and concluding that "the state did not meet its burden to establish the facts necessary to justify consideration of the [out-of-state] conviction" and that "the district court [therefore] abused its discretion by including that conviction in [the defendant's] criminal-history score"), *rev. denied* (Min. App. May 31, 2022); *State v. Smith*, No. A20-0138, 2020 WL 7688601, at *1, *3–4 (Minn. App. Dec. 28, 2020) (concluding that, because the state relied only on the sentencing worksheet, "the record [did] not include evidence of [the defendant's] federal conviction that complies with rule 1005" and "the district court abused its discretion by assigning points to [the defendant's] criminal-history score in relation to [that] conviction").

We therefore hold that, to justify a district court's inclusion of out-of-state convictions in a defendant's criminal-history score, the state does not satisfy its burden of establishing the validity of the convictions and that the defendant was the person involved by relying solely on a PSI that does not meet the standard set forth in rule 1005.

In sum, we conclude that the PSI does not—as we explained in our precedential opinion in *Maley*—establish the facts necessary to justify the district court's inclusion of the out-of-state convictions in Johnson's criminal-history score "by a greater weight of the evidence" because it is not "of a greater or more convincing effect [that would] lead [a person] to believe that it is more likely that the claim is true than not true." 714 N.W.2d at 712 (quotation omitted). Thus, the state failed to meet its burden as to all three Illinois convictions and the district court abused its discretion by including those convictions in Johnson's criminal-history score.[3]

Johnson asks that we "remand for resentencing on [his aggravated robbery conviction] to a bottom-of-the-box sentence based on a correctly determined criminal-

---

[3] As an additional basis for reversal that applies to the inclusion of Illinois case number 11CR-092830 ("Knowingly Damage Property") in Johnson's criminal-history score, we agree with the parties that, by relying solely on the PSI, the state did not establish that the Illinois crime constituted a felony in Minnesota. *See Griffin*, 336 N.W.2d at 525. Although the PSI states that the "offense appears comparable to [Minnesota Statutes section] 609.595.1, Criminal Damage to Property," the information set forth in the PSI is insufficient to satisfy the state's burden. This is because, while the PSI describes the offense as involving damage to "land surveyor equipment, exceeding $300 but . . . not exceed[ing] $10,000," the PSI does not specify the reduction in the equipment's value, as measured by the cost of repair and replacement. Consequently, it is unclear whether the dollar amount of property damage at issue would meet the requirements of the Minnesota statute referenced in the PSI. *See* Minn. Stat. § 609.595, subd. 1 (2008) (as relevant here, defining criminal damage to property in the first degree as including when "the damage reduces the value of the property by more than $1,000 measured by the cost of repair and replacement"). Because it relied only on the PSI and did not produce evidence that the offense involved in Illinois case number 11CR-092830 is equivalent to Minnesota Statutes section 609.595, subdivision 1, the state did not satisfy its burden of establishing the facts necessary to justify the district court's inclusion of one-half point in Johnson's criminal-history score for this out-of-state conviction.

history score."[4] We decline to do so in light of "the great discretion vested in the district court in sentencing matters" and our recognition under analogous circumstances that "not every defendant who receives a top or bottom end of the presumptive range . . . need necessarily receive a similarly situated sentence . . . when resentenced with a correct criminal history score." *State v. Provost*, 901 N.W.2d 199, 202 (Minn. App. 2017). Instead, because Johnson did not object to the district court's reliance on the out-of-state convictions to calculate his criminal-history score, we reverse and remand to allow the state to further develop the sentencing record so that the court can make a proper determination. *See State v. Outlaw*, 748 N.W.2d 349, 356 (Minn. App. 2008), *rev. denied* (Minn. July 15, 2008) ("The record indicates that appellant did not object to the district court's determination that his out-of-state convictions were felonies. Thus, on remand, respondent is permitted to further develop the sentencing record so that the district court can appropriately make its determination.").

## DECISION

To justify a district court's inclusion of out-of-state convictions in a defendant's criminal-history score, the state does not satisfy its burden of establishing the validity of the convictions and that the defendant was the person involved by relying solely on a PSI that does not meet the standard set forth in Minnesota Rule of Evidence 1005. In this case, the state failed to meet its burden as to all three Illinois convictions and the district court

---

[4] "Each box in the Sentencing Guidelines grid contains a presumptive range and a presumptive duration. The longest and shortest terms in the presumptive range are commonly called the 'top of the box' and the 'bottom of the box.'" *State v. Morgan*, 968 N.W.2d 25, 28 n.2 (Minn. 2021) (citations omitted).

abused its discretion by relying on the PSI alone to calculate Johnson's criminal-history score based on those convictions. Accordingly, we reverse and remand to allow the state to further develop the sentencing record so that the district court can make a proper determination.

**Reversed and remanded.**